

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**'07 CIV 11503**

-------------------------------------------------------------------X

MOUNTAIN RIDGE DEVELOPMENT, LLC, and
THE JARMISON GROUP OF NEW YORK, LLC

<u>**NOTICE OF REMOVAL**</u>

                          Plaintiffs,

         -against-

Case No.   *Karas*

STEVENSON MILLWORK, INC. and STEVENSON
LUMBER COMPANY-NEWBURGH, INC.,

                          Defendant.

-------------------------------------------------------------------X

Defendants, Stevenson Lumber Company-Newburgh, Inc. and Stevenson Millwork, Inc.,

(together, "Stevenson") are the defendants in the civil action commenced on December 4, 2007,

in the Supreme Court of the State of New York, County of Orange.  By their undersigned

counsel and pursuant to 28 U.S.C. §§ 1441 and 1446 and Local Civil Rule 81.1, Stevenson

hereby gives notice that it is removing the action entitled <u>Mountain Ridge Development, LLC</u>

<u>and The Jarmison Group of New York, LLC v. Stevenson Millwork, Inc. and Stevenson Lumber</u>

<u>Company-Newburgh, Inc.</u>, Index No. 2007-11686, from the Supreme Court of the State of New

York, County of Orange to the United States District Court for the Southern District of New

York which is the judicial district in which the action is pending.  As grounds therefore,

Stevenson respectfully avers as follows:

<u>**INTRODUCTION**</u>

1.      On or about December 4, 2007, plaintiffs, Mountain Ridge Development, LLC

and The Jarmison Group of New York, LLC ("Plaintiffs"), filed an action against Stevenson in

the Supreme Court of the State of New York, County of Orange, styled <u>Mountain Ridge</u>

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

Development, LLC and The Jarmison Group of New York, LLC v. Stevenson Millwork, Inc. and Stevenson Lumber Company-Newburgh, Inc., Index No. 2007-11686.

2.      On or about December 12, 2007, counsel for Stevenson received a "courtesy" copy of the Summons and Complaint, along with an Order to Show Cause (Giacomo, J.) dated December 10, 2007, but has yet to be served. A true and correct copy of the Summons and Complaint are attached hereto as Exhibit "A". A true and correct copy of the Order to Show Cause, as well as the papers it was granted upon, are attached hereto as Exhibit "B". No additional pleadings, orders or other papers have been provided to Stevenson by Plaintiffs.

3.      This Notice of Removal is being filed within thirty (30) days after  Stevenson received a "courtesy" copy of the Summons and Complaint, and is timely filed under 28 U.S.C. §1446(b).

## THE GROUNDS FOR REMOVAL OF THIS ACTION

4.      On or about December 4, 2007, Plaintiffs filed the Summons and Complaint in the Supreme Court of the State of New York, County of Orange, Index No. 2007-11686.

5.      There is complete diversity of citizenship between plaintiffs and defendants.

6.      Plaintiff Mountain Ridge Development, LLC is a New York limited liability company with its principal place of business located at 758 State Highway 18, Suite 103, East Brunswick, New Jersey.

7.      Plaintiff Jarmison Group of New York, LLC is a New York limited liability company with its principal place of business located at 758 State Highway 18, Suite 103, East Brunswick, New Jersey.

8.      Defendant Stevenson Millwork, Inc. is a Delaware corporation with its principal place of business located at 1585 Monroe Turnpike, Stevenson, Connecticut.

9.      Defendant Stevenson Lumber Company-Newburgh, Inc. is a Delaware corporation with its principal place of business located at 1585 Monroe Turnpike, Stevenson, Connecticut.

10.     The amount in controversy in this matter exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

11.     This court would have had original subject matter jurisdiction of this action under the provisions of 28 U.S.C. §1332 if the action had originally been brought in federal court. Removal is, therefore, proper under 28 U.S.C §1441(a).  Further, the named defendants are foreign corporations that do not have a principal place of business in New York.

10.     This Notice of Removal is timely under 28 U.S.C. §1446(b) because the Summons and Complaint in this action have not yet been properly served upon defendants.

11.     Pursuant to 28 U.S.C. § 1446(a) all state-court papers served on defendants at the time of removal are attached hereto as Exhibits "A" and "B".

12.     A Notice of Filing of Notice of Removal will be filed with the Supreme Court of the State of New York, County of Orange.  A copy of that notice is attached hereto as Exhibit "C."

13.     Furthermore, pursuant to Local Civil Rule 81.1, within twenty (20) days after the filing of this Notice of Removal, Stevenson shall cause to be filed true and legible copies of all other papers, if any, then on file in the state court, together with a certification from counsel that all filings in the state court action have been filed in the United States District Court for the Southern District of New York.

**WHEREFORE**, Stevenson respectfully submits, based upon the allegations of this Notice of Removal, that this action is properly removable and requests that this Court retain jurisdiction over the same.

3

Dated: White Plains, New York
     December 21, 2007

                    Respectfully submitted,

                    WELBY, BRADY & GREENBLATT, LLP

                    _____
                    Thomas Tripodianos (TST-0048 )
                    *Attorneys for Defendants*
                    *Stevenson Millwork, Inc.*
                    *Stevenson Lumber Company-Newburgh, Inc.*
                    Westchester Financial Center
                    11 Martine Avenue, Penthouse
                    White Plains, New York 10606
                     Tel (914) 428-2100

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that, in compliance with the requirements of 28 U.S.C.

§1446(d), written notice of the removal of was given to defendant, along with a copy of the

Notice of Removal filed in this Court.  This notice was given on the 21[th] day of December, 2007

to their attorney of record by first-class mail, postage prepaid, to:

David M. Saltzman, Esq.
100 Delafield Lane
Newburgh, New York  12550

Dated: White Plains, New York
        December 21, 2007

Respectfully submitted,

WELBY, BRADY & GREENBLATT, LLP

_____
Thomas Tripodianos (TST-0048 )
*Attorneys for Defendants*
*Stevenson Millwork, Inc.*
*Stevenson Lumber Company-Newburgh, Inc.*
Westchester Financial Center
11 Martine Avenue, Penthouse
White Plains, New York 10606
 Tel (914) 428-2100

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

---

MOUNTAIN RIDGE DEVELOPMENT, LLC        :
THE JARMISON GROUP OF NEW YORK, LLC  :

                                                                     :
                                   Plaintiff(s),        :
          -against-                                       :

STEVENSON MILLWORK, INC and        :
STEVENSON LUMBER COMPANY             :
NEWBURGH, INC                                       :

                                   Defendant.           :

---

Index No. **2007 - 11686**

**SUMMONS**

Venue is based on place of
Occurrence of causes of action

To the above named Defendant(s):

You are hereby summoned to answer the Verified Complaint in this action and to serve a copy of your Answer or, if the Verified Complaint is not served with this Summons, to serve a Notice of Appearance, on the Plaintiff's attorney(s) within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you for the relief demanded in the Verified Complaint.

Dated:  Newburgh, New York
           November 30, 2007

                                        Respectfully submitted,

                                        DAVID M. SALTZMAN, ESQ.

                                        *Attorney for Plaintiffs,*
                                        *Mountain Ridge Development, LLC &*
                                        *Jarmison Group of New York, LLC*
                                        *100 Delafield Lane*
                                        Newburgh, NY 12550
                                        (845) 566-3156

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

―――――――――――――――――――――――

MOUNTAIN RIDGE DEVELOPMENT, LLC, and
JARMISON GROUP OF NEW YORK, LLC,

                     Plaintiffs,

       - against -

STEVENSON MILLWORK, INC., and
STEVENSON LUMBER COMPANY-NEWBURGH,
INC

                Defendants,

―――――――――――――――――――――――

Index No. **2007 - 11686**

**VERIFIED COMPLAINT**

ORIGINAL FILED

      Plaintiffs, MOUNTAIN RIDGE DEVELOPMENT, LLC, as land owner JARMISON

GROUP OF NEW YORK, LLC as General Contractor by and through its Attorney, David M.

Saltzman, Esq. upon its verified complaint against Defendants alleges the following:

## PARTIES

1.  At all times hereinafter mentioned, Plaintiff Mountain Ridge Development, LLC

(hereinafter "Mountain Ridge") was and is a domestic Limited Liability Company duly formed

and organized under the laws of the State of New York, with a principal place of business at 758

State Highway 18, Suite 103, East Brunswick, NJ 08816.

2.  At all times hereinafter mentioned, Plaintiff Jarmison Group of New York, LLC (hereinafter

"Jarmison") was and is a domestic Limited Liability Company duly formed and organized under

the laws of the State of New York, with a principal place of business at 758 State Highway 18,

Suite 103, East Brunswick, NJ 08816.

3.  Upon information and belief, Defendant, Stevenson Millwork, Inc., (hereinafter

"Stevenson") is a validly existing domestic corporation duly formed and organized under the

laws of the State of Connecticut, with a principal place of business located at 1585 Monroe

Turnpike, Stevenson, CT 06491.

4. Upon information and belief, Defendant, Stevenson Lumber Company-Newburgh, Inc. (hereinafter "Stevenson-Newburgh") is a validly existing domestic corporation duly formed and organized under the laws of the State of Connecticut, with a principal place of business located at 1585 Monroe Turnpike, Stevenson, CT 06491.

## FACTS

5. Mountain Ridge Development, LLC is the Land owner of a certain tract of land located in Newburgh, New York. This Land is currently in the process of being developed by the erection of 28 condominium units which consist of five (5) buildings numbered 10, 11, 12, 13 and 14. The name of the development is the "Highland Manor Townhomes". At this time, buildings 10 and 11 are in the earliest stages of construction.

6. Jarmison is a General Contractor who is currently under contract to build the 28 unit condominium community on the tract of land owned by Mountain Ridge Development, LLC located in Newburgh, NY, known as "Highland Manor Townhomes" (hereinafter the "Site") which is owned by Mountain Ridge Development, LLC.

7. Jarmison and The Stevenson entities entered into various Purchase Order Agreements for Stevenson to provide building materials at the Site.

8. Plaintiff Jarmison requested materials via a purchase order methodology by which each unit/or home at the location issued a purchase order for materials to be used at the site.

9. Payment for the work under the Purchase Order Agreements was to be paid in regular intervals following the delivery of building materials to the site.

10. Defendant commenced deliveries at the Site starting on or about May 2007 and delivered materials to buildings 12, 13, and 14.

11. At the time Defendants began to deliver materials to the site. The site consisted of the final phase of a multi phase development. Buildings 10 and 11 have currently stopped Construction on Buildings 10 and 11 but has not yet reached the stage where any lumber is used.

12. Due to an unfortunate market downturn, Plaintiff Jarmison became unable to make payments to the Defendant for the materials provided.

13. Thereafter; due to Plaintiffs inability to make payments, Defendants filed three (3) Mechanic's Liens, all dated November 5, 2007, for the Buildings and lots included in the attached Schedule A which was taken from Defendant's lien filings.

14. Defendant only provided materials to building 12, 13 and 14 of the site.

15. The Mechanic's liens were filed against nearly the entire project, which includes units which were previously conveyed to good faith purchasers, which closings occurred in September and October 2007, prior to the lien filings.

16. Defendants' Mechanic's Liens were filed against all of the buildings and previously sold units for which it was not entitled to lien.

17. Plaintiff notified the Counsel for the Defendants that their liens were exaggerated, over expansive and included buildings and units for which it did not have the right to via correspondence dated November 9, 2007 and November 28, 2007.

18. Counsel for the defendant either denied Plaintiff's written request or failed to act and voluntarily vacate the Mechanic's Liens placed on the land owned by Mountain Ridge Development and currently under construction and development by Jarmison.

## COUNT ONE

19. Defendants and Plaintiffs had an existing commercial relationship where defendants provided lumber and construction materials to plaintiffs.

20. Late in 2007, Plaintiff Mountain Ridge Development, LLC became unable to make payments on materials provided to plaintiffs.

21. Defendants filed three (3) a Mechanic's Liens against the Land and by the Plaintiff Mountain Ridge on land which it owns in Newburgh, NY, which are included in Schedule A, which is attached hereto.

22. Said lien was exaggerated and covered additional land namely Buildings 10 and 11 for which Defendants provided no materials for, which it was not entitled to file a Mechanic's Liens, due to the fact that it had provided no materials.

23. Defendants were notified about the over exaggerated liens by letters dated November 19, 2007 and November 27, 2007 of counsel and the interests of Jamison Group of New York, LLC on November 7, 2007 and demanded the immediate removal of the lien.

24. Defendant failed and continues to fail to voluntarily vacate the Mechanic's Liens to the detriment of Mountain Ridge Development, LLC. in violation of Sections 3, 4, 9, and 39(a) of the New York lien law.

WHEREFORE, Plaintiff Jarmison Group of New York, LLC demands Judgment as follows:

1. Judgment against the Defendant;

2. Immediate and permanent Discharge of the Mechanic's Liens filed by Defendant's Stevenson Millwork, LLC and Stevenson Lumber Company-Newburgh, Inc. v. Mountain Ridge Development, LLC and Jarmison Group of New York, LLC against the real property listed in the attached Schedule A.

3. Compensatory Damages in an amount to be determined by the Court but not less than $150,000.00 along with costs disbursements, reasonable attorneys fees and interests;

4. Punitive Damages of $250,000.00;

5. Sanctions against both the defendants and its counsel for the improper lien filings; and

6. Any further relief that this Court deems just and proper.

## COUNT TWO

25. Plaintiffs repeat the allegations contained in paragraphs 1-24 as if set forth at length herein.

26. Defendant's Stevenson Millwork, Inc., and Stevenson Lumber Company-Newburgh, Inc.,

filed mechanic's liens against Mountain Ridge Development, LLC and Jarmison Group of New York, LLC on November 7, 2007. Said liens were over exaggerated included land which had been previously conveyed to good faith purchases for the following units:

1) 13-3 known as tax map ID# 123-1-1.-19 which was sold on October 12, 2007;

2) 14-1 known as tax map ID# 123-1-1.-23 which was sold on October 10, 2007;

3) 14-2 known as tax map ID# 123-1-1.-24 which was sold on September 26, 2007;

4) 14-4 known as tax map ID# 123-1-1.-26 which was sold on September 28, 2007;

27. Defendants were notified of the over exaggerated liens, for the units previously conveyed, by letters dated November 9, 2007 and November 27, 2007.

28. Defendant's failed and continue to fail to voluntarily vacate the Mechanic's Liens to the detriment of the Plaintiffs Mountain Ridge Development, LLC and Jarmison Group of NY, LLC in violation of Sections 3, 4, 9 and 39 (a) of the New York Lien Law.

WHEREFORE, Plaintiffs Mountain Ridge Development, LLC and Jarmison Group of New York, LLC demands Judgment as follows:

1. Judgment against the Defendant;

2. Immediate and permanent Discharge of the Mechanic's Liens filed by Stevenson Millwork, LLC and Stevenson Lumber Company-Newburgh, Inc. v. Mountain Ridge Development, LLC and Jarmison Group of New York, LLC against the real property listed on the attached Schedule A.

3. Compensatory Damages in an amount to be determined by the Court but not less than $150,000.00 along with costs disbursements reasonable attorneys fees and interests;

4. Punitive Damages of $250,000.00;

5. Sanctions against both the defendants and its counsel for the improper filing; and

6. Any further relief that this Court deems just and proper.

### COUNT THREE

29. Plaintiffs repeat the allegations contained in paragraphs 1-29 as if set forth at length herein.

30. Defendant's Stevenson Millwork, Inc., and Stevenson Lumber Company-Newburgh, Inc., filed three (3) Mechanic's Liens against property owned by Mountain Ridge Development against the contracted interest of Jarmison Group of NY dated November 5, 2007, filed on November 7, 2007.

31. Defendant's liens fail to meet the requirements established in Section 9 of the New York Lien Law. In that it failed to list Defendant's New York business address.

32. Due to the deficiency in the lien filing, the Mechanic's Liens should be immediately vacated due to its failure to meet the statutory requirements of Section 9 of the New York Lien Law.

WHEREFORE, Plaintiffs Mountain Ridge Development, LLC and Jarmison Group of New York, LLC demands Judgment as follows:

1. Judgment against the Defendant;

2. Immediate and permanent Discharge of the Mechanic's Liens filed by Stevenson Millwork, LLC and Stevenson Lumber Company-Newburgh, Inc. v. Mountain Ridge Development, LLC and Jarmison Group of New York, LLC against the real property listed on the attached Schedule A.

Date:   Newburgh, New York
        November 29, 2007

Yours truly,

DAVID M. SALTZMAN, ESQ.
Associate Counsel,
Jarmison Group of New York, LLC

By: _____

David M. Saltzman, Esq.
Attorney for Plaintiff
100 Delafield Lane
Newburgh, New York 12550
(845) 556-3156

## VERIFICATION

STATE OF NEW JERSEY   ]
                        ]ss.:
COUNTY OF MIDDLESEX ]

    FRED TEICHER, being duly sworn, says:  I am Managing Member of Mountain Ridge

Development, LLC one of the Plaintiffs in the above action; that I have read the annexed

Verified Complaint, know the contents thereof and the same are true to my knowledge, except

those matters therein which are stated to be alleged on information and belief, and as to those

matters, I believe them to be true.

    My belief, as to those matters therein not stated upon knowledge, is based upon a review

of the Plaintiff's records.

 

                                            FRED TEICHER
                                            Managing Member
                                            Mountain Ridge Development, LLC

## VERIFICATION

STATE OF NEW JERSEY   ]
                        ]ss.:
COUNTY OF MIDDLESEX ]

JEREMY K. TEICHER, being duly sworn, says:  I am Executive Vice President of the Jarmison Group of New York, LLC one of the Plaintiffs in the above action; that I have read the annexed Verified Complaint, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

My belief, as to those matters therein not stated upon knowledge, is based upon a review of the Plaintiff's records.

JEREMY K. TEICHER
Executive Vice President
Jarmison Group of NY, LLC

**Schedule "A"**

Highland Manor Townhouses at Meadow Winds Condominium Site Map 471-07
Municipality of Newburgh, County of Orange

| Tax Map ID | Owner | Unit | Street Name |
|---|---|---|---|
| 123-1-1.-1 | Mountain Ridge Development LLC | 10-1 | Orleans Road |
| 123-1-1.-2 | Mountain Ridge Development LLC | 10-2 | Orleans Road |
| 123-1-1.-3 | Mountain Ridge Development LLC | 10-3 | Orleans Road |
| 123-1-1.-4 | Mountain Ridge Development LLC | 10-4 | Orleans Road |
| 123-1-1.-5 | Mountain Ridge Development LLC | 10-5 | Orleans Road |
| 123-1-1.-6 | Mountain Ridge Development LLC | 10-6 | Orleans Road |
| 123-1-1.-7 | Mountain Ridge Development LLC | 11-1 | Orleans Road |
| 123-1-1.-8 | Mountain Ridge Development LLC | 11-2 | Orleans Road |
| 123-1-1.-9 | Mountain Ridge Development LLC | 11-3 | Orleans Road |
| 123-1-1.-10 | Mountain Ridge Development LLC | 11-4 | Orleans Road |
| 123-1-1.-11 | Mountain Ridge Development LLC | 12-1 | Orleans Road |
| 123-1-1.-12 | Mountain Ridge Development LLC | 12-2 | Orleans Road |
| 123-1-1.-13 | Mountain Ridge Development LLC | 12-3 | Orleans Road |
| 123-1-1.-14 | Mountain Ridge Development LLC | 12-4 | Orleans Road |
| 123-1-1.-15 | Mountain Ridge Development LLC | 12-5 | Orleans Road |
| 123-1-1.-16 | Mountain Ridge Development LLC | 12-6 | Orleans Road |
| 123-1-1.-19 | Mountain Ridge Development LLC | 13-3 | Orleans Road |
| 123-1-1.-20 | Mountain Ridge Development LLC | 13-4 | Orleans Road |
| 123-1-1.-21 | Mountain Ridge Development LLC | 13-5 | Orleans Road |
| 123-1-1.-23 | Mountain Ridge Development LLC | 14-1 | Orleans Road |
| 123-1-1.-24 | Mountain Ridge Development LLC | 14-2 | Orleans Road |
| 123-1-1.-25 | Mountain Ridge Development LLC | 14-3 | Orleans Road |
| 123-1-1.-26 | Mountain Ridge Development LLC | 14-4 | Orleans Road |
| 123-1-1.-27 | Mountain Ridge Development LLC | 14-5 | Orleans Road |
| 123-1-1.-28 | Mountain Ridge Development LLC | 14-6 | Orleans Road |

STUART I. TEICHER, ESQ.
GENERAL COUNSEL AND SENIOR VICE PRESIDENT

DAVID M. SALTZMAN, ESQ.
ASSOCIATE COUNSEL

73 CROWN STREET
KINGSTON, NEW YORK 12401
(845) 338-2140
FAX: (845) 338-2623

MR. TEICHER IS ADMITTED NY, NJ & PA
EMAIL: siteicher@teicherorg.com

MR. SALTZMAN IS ADMITTED NY & NJ
EMAIL: dsaltzman@teicherorg.com

PLEASE RESPOND TO: NEW JERSEY OFFICE

MOUNTAIN RIDGE DEVELOPMENT, LLC

758 STATE HIGHWAY 18, SUITE 103
EAST BRUNSWICK, NEW JERSEY 08816

(732) 698-2666

FAX: (732) 698-2671

http://www.teicherorg.com

108 CRESTWOODS LANE
P.O. BOX 643
POCONO PINES, PENNSYLVANIA 18350
(570) 643-3180
FAX: (570) 643-3145

SENT VIA FAX 914-428-2172 & REGULAR MAIL

November 19, 2007

Michael R. Wood, Esq.
Welby Brady & Greenblatt, LLp
Westchester Financial Center
11 Martine Avenue
White Plains, NY 10606

RE: Mechanics Liens
    Highland Manor Townhomes, Newburgh, New York
    Stevenson Lumber

Dear Mr. Wood:

I am Associate Counsel to the Jarmison Group, Inc. ("Jarmison"), Jarmison Group of NY, LLC, ("Jarmison, NY") and Mountain Ridge Development, LLC ("Mountain Ridge"). I am in receipt of your November 7, 2007 correspondence regarding the Mechanic's Liens which you have filed on behalf of your clients Stevenson Millwork, Inc., Stevenson Lumber Company, Newburgh, Inc., (collectively "Stevenson").

I have had the opportunity to review the liens which appear to be factually deficient. Your liens unlawfully and incorrectly include property for which your client did not provide any materials. Specifically, Buildings 10 & 11, which are not yet in the stage of development that your client's materials would be used. Your lien in incorrect and should be immediately vacated.

Upon further review, the lien is also technically deficient and may be rendered unenforceable by the courts. Demand in hereby made that you immediately vacate the mechanic's liens filed on behalf of your clients. In the event that the incorrectly filed liens

DAVID M. SALTZMAN, ESQ

are not vacated by November 21, 2007, my client may be compelled to commence an action to vacate the liens and will seek costs and fees for this filing.

Please be guided accordingly,

DAVID M. SALTZMAN, ESQ.

DMS:o
Enclosures

cc      Fred Teicher
        Stuart I. Teicher, Esq.
        Jeremy K. Teicher

STUART I. TEICHER, ESQ.
GENERAL COUNSEL AND SENIOR VICE PRESIDENT

DAVID M. SALTZMAN, ESQ.
ASSOCIATE COUNSEL

73 CROWN STREET
KINGSTON, NEW YORK 12401
(845) 338-2140
FAX: (845) 338-2623

MR. TEICHER IS ADMITTED NY, NJ & PA
EMAIL: siteicher@teicherorg.com

MR. SALTZMAN IS ADMITTED NY & NJ
EMAIL: dsaltzman@teicherorg.com

PLEASE RESPOND TO: NEW JERSEY OFFICE

MOUNTAIN RIDGE DEVELOPMENT, LLC

758 STATE HIGHWAY 18, SUITE 103
EAST BRUNSWICK, NEW JERSEY  08816

(732) 698-2666

FAX: (732) 698-2671

http://www.teicherorg.com

108 CRESTWOODS LANE
P.O. BOX 643
POCONO PINES, PENNSYLVANIA 18350
(570) 643-3180
FAX: (570) 643-3145

SENT VIA FAX 914-428-2172 & REGULAR MAIL

November 27, 2007

Michael R. Wood, Esq.
Welby Brady & Greenblatt, LLP
Westchester Financial Center
11 Martine Avenue
White Plains, NY 10606

RE:  Mechanics Liens - Highland Manor Townhomes, Newburgh, New York
     Stevenson Lumber

Dear Mr. Wood:

As you are aware, I represent the Jarmison Group, Inc. ("Jarmison"), Jarmison Group of NY, LLC, ("Jarmison, NY") and Mountain Ridge Development, LLC ("Mountain Ridge"). I have had the opportunity to review your client's settlement proposal and reject same. Moving forward, I have reviewed your liens which are deficient for the following reasons and must be immediately vacated.

### Improper lien submission: Units

Your client's liens have included units to which title has already been transferred. Your acts have unlawfully clouded title to the following properties which were sold to good faith purchasers. Your liens have unnecessarily and willfully been filed for units that were known to be transferred prior to your client's lien filing. The sale of these properties would have been discovered had your client conducted a cursory Record Owner or title search

| Tax Map ID | Unit | Buyer | Closing Date |
|------------|------|-------|--------------|
| 123-1-1.-19 | 13-3 | Chan/Lim | October 12, 2007 |
| 123-1-1.-23 | 14-1 | Holness | October 10, 2007 |
| 123-1-1.-24 | 14-2 | Bowman | September 26, 2007 |
| 123-1-1.-.26 | 14-4 | Fernandez | September 28, 2007 |

DAVID M. SALTZMAN, ESQ

Your failure to conduct a title search and total abdication of basic due diligence prior to filing the lien has violated the New York Lien Law. See, Tri-State Sol-Aire Corp. v. Lakeville Pace Mech., 221 A.D.2d 519, N.Y.S.2d 834 2d Dept. 1995.

### Improper Lien Filing: Buildings

As I indicated in my previous correspondence of November 19, 2007, your lien filings are inappropriate and overly exaggerate your client's position. Both Buildings 10 and 11 have barely begun, and are not at the stage of construction where any of your clients' lumber materials have been used. Your client has no legal right to any lien claims against these buildings and the units within, as your client provided no materials to these buildings. Your failure to vacate the Mechanic's Liens after notice of the incorrect filing will subject both your firm and your client to a demand for sanctions by both Jarmison and Mountain Ridge.

### Failure to appropriately allocate liens:

As your client is well aware, individual purchase orders were provided on a per unit basis. Your failure to allocate your clients purported liens as to the amounts owed on a per unit basis unnecessarily complicates the matter and is in contradiction to the spirit of the New York Lien Law. Without acknowledging any propriety of your clients liens, your over inclusive filing has unnecessarily included units for which your client had no legal right to lien.

To that effect, I have taken the next logical step to determine the correct amounts owed for the units which are due to be sold in the near future, these amounts are verifiable through a review of your clients invoices. I have taken the time to review the purchase orders for those units to determine the correct amounts due:

Bldg 14 Unit 3 = \$9,396.08 + \$355.62* = \$9,751.70
Bldg 14 Unit 6 = \$2,547.43 + \$355.62 * = \$2,903.05

Please consult your client to determine if they will accept the amounts correctly attributable to those units to immediately release the liens which affect these units.

Please be advised that I am currently in the process of drafting an Order to Show Cause and Verified Complaint to vacate your client's Mechanics Liens. In the event the liens are not immediately voluntarily released. I will be compelled to file the Order to Show Cause and will seek legal fees, costs for the application as well as monetary sanctions against both your firm and your clients.

---

* The additional amount of \$355.62 as calculated above is for one outstanding invoice due for certain amounts due on Building 14 in the amount of \$2,133.74, when apportioned for each unit in that building.

DAVID M. SALTZMAN, ESQ

In closing, in the event your client is not inclined to voluntarily vacate the liens and/or accept the interim settlements as allocated my client will gladly bond the lien amounts in order to complete the previously noted closings.

Please be guided accordingly,

DAVID M. SALTZMAN, ESQ.

DMS:o
Enclosures

cc     Fred Teicher
       Stuart I. Teicher, Esq.
       Jeremy K. Teicher

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

---

MOUNTAIN RIDGE DEVELOPMENT, LLC,
JARMISON GROUP OF NEW YORK, LLC, and

             Plaintiffs,

   - against -

STEVENSON MILLWORK, INC.
STEVENSON LUMBER COMPANY-NEWBURGH, INC.

             Defendants,

---

**ORDER TO SHOW CAUSE**

**2007- 11686**

Upon the petition of Mountain Ridge Development, LLC and Jarmison Group of New York, LLC verified the 28th day of November, 2007, annexed hereto, it is

ORDERED that Stevenson Millwork, Inc., and Stevenson Lumber Company-Newburgh, Inc. show cause before this Court at Goshen, New York, on the *2d* day of ~~December, 2007~~ *January 2008* at _____ *9³⁰* o'clock in the *fore* noon of that day, or as soon thereafter as the parties can be heard, why an Order should not be made pursuant to New York Lien Law 3, 4, 9 and 39(a) dismissing the three (3) Defendants Mechanic's Liens dated November 5, 2007 and filed on or about November 7, 2007 in the Orange County Clerks Office and why such other and further relief should not be granted as the Court may determine, and it is further

ORDERED that service by *overnight mail* of a copy of this order together with the papers upon which it is granted upon Defendant's (Stevenson Millwork, Inc., and Stevenson Lumber Company-Newburgh, Inc.) attorney Michael R. Wood, Esq. on or before the *14ᵗʰ* day of *December*, 2007, be deemed sufficient service. *Submission only. No appearances required.*

Dated:  December *10*, 2007

ENTER/

Hon. _____

**HON. WILLIAM J. GIACOMO**
**J.S.C.**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

MOUNTAIN RIDGE DEVELOPMENT, LLC,     :
JARMISON GROUP OF NEW YORK, LLC, and    :

                Plaintiffs,              :

     - against -                       :       **ORDER TO SHOW CAUSE**

                                 :
STEVENSON MILLWORK, INC.             :
STEVENSON LUMBER COMPANY-NEWBURGH, INC.   :

                Defendants,         :

                                 :

Upon the petition of Mountain Ridge Development, LLC and Jarmison Group of New York, LLC verified the 28th day of November, 2007, annexed hereto, it is

ORDERED that Stevenson Millwork, Inc., and Stevenson Lumber Company-Newburgh, Inc. show cause before this Court at Goshen, New York, on the_____ day of December, 2007, at _____ o'clock in the _____noon of that day, or as soon thereafter as the parties can be heard, why an Order should not be made pursuant to New York Lien Law 3, 4, 9 and 39(a) dismissing the three (3) Defendants Mechanic's Liens dated November 5, 2007 and filed on or about November 7, 2007 in the Orange County Clerks Office and why such other and further relief should not be granted as the Court may determine, and it is further

ORDERED that service by _____ of a copy of this order together with the papers upon which it is granted upon Defendant's (Stevenson Millwork, Inc., and Stevenson Lumber Company-Newburgh, Inc.) attorney Michael R. Wood, Esq. on or before the ____day of _____, 2007, be deemed sufficient service.

Dated:  December ____, 2007

                ENTER:

                _____

                Hon. _____

At a motion Term of the Supreme Court of
the State of New York
Held in and for the County of Orange at the
Supreme Courthouse, 255 Main Street,
Goshen, New York, on the ___ day of
_____,20____.

PRESENT:

      HON. _____
              Justice.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

_____

MOUNTAIN RIDGE DEVELOPMENT, LLC   :
JARMISON GROUP OF NEW YORK, LLC   :
PROPERTY OWNER              :    Index No.
          Plaintiffs,    :    **ORDER DISCHARGING**
                       :    **MECHANIC'S LIENS FOR**
STEVENSON MILLWORK, INC.        :    **PRIVATE IMPROVEMENTS**
STEVENSON LUMBER COMPANY-    :    **PURSUANT TO § 39(a) OF**
NEWBURGH, INC.             :    **THE NEW YORK LIEN LAW**
          Defendants,   :

_____:

      Upon reading and filing the Order to Show Cause dated November 28, 2007, the

affidavits of Jeremy K. Teicher and Fred Teicher, sworn on the 28th day of November, 2007,

with exhibits attached thereto, for an Order, pursuant to Sections 3, 4, 9 and 39(a), of the New

York Lien Law discharging certain liens for private improvements against the properties

contained in the attached Schedule A, all located in Newburgh, NY 12550.  Wherein it appears

that said material providers, Stevenson Millwork, Inc., and Stevenson Lumber Company-

Newburgh, Inc. provided materials to Jarmison Group of New York, LLC to be used on a portion

of said property, and it appearing from said petition that three (3) notices of mechanic's liens

were filed by Stevenson Millwork, Inc., and Stevenson Lumber Company-Newburgh, Inc.

in the sum of (1) $52,442.09, (2) $4,267.48 and (3) $5,955.53 by said material provider, which

liens were filed on or about November 3, 2007, was filed on property for which it held no liens

rights, and it further appearing that, at the time of the filling of said lien that Stevenson Millwork,

Inc., and Stevenson Lumber Company-Newburgh, Inc. used an inappropriate and overly

inclusive description to exaggerate the size of the lien and the building and units which are the

inclusive description to exaggerate the size of the lien and the building and units which are the subject of the liens which it had no legal claim against, therefore, said liens should be cancelled and discharged of record,

NOW THEREFORE, on the application by an Order to Show Cause of David M. Saltzman, Esq., attorney for said Mountain Ridge Development, LLC, Jarmison Group of New York, LLC, and Jarmison Group, Inc. it is

ORDERED, that Plaintiffs Applications to discharge mechanics liens against the following contained in Schedule A all located, Newburgh, NY 12550 is hereby granted and it is further.

ORDERED, that the mechanics liens against the following properties listed in the attached Schedule A all located in, Newburgh, NY 12550 and dated November 5, 2007 and filed in the Orange County Clerks offices on September ___, 2007 by Stevenson Millwork, Inc., and Stevenson Lumber Company-Newburgh, Inc., be hereby discharged, and it is further,

ORDERED, that upon the filing in the offices of the above-named Orange County Clerk where said liens were filed, a certified copy of this Order, said offices are hereby directed to mark the said liens discharged pursuant to Lien Law 39(a) on the docket together with a reference to this order.

ENTER

_____
Justice of the Supreme Court

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

---

MOUNTAIN RIDGE DEVELOPMENT, LLC,　　　　:
JARMISON GROUP OF NEW YORK, LLC, and　　:
　　　　　　　　　　Plaintiffs,　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:
　　- against -　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:
STEVENSON MILLWORK, INC and　　　　　　　:
STEVENSON LUMBER COMPANY-NEWBURGH, INC　:
　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　Defendants,　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:

---

**AFFIRMATION IN SUPPORT OF PLAINTIFF'S ORDER TO SHOW CAUSE AND VERIFIED COMPLAINT DISCHARGING MECHANICS LIENS FOR PRIVATE IMPROVEMENTS PURSUANT TO LIEN LAWS 3, 4, 9 AND 39(a) OF THE NEW YORK LIEN LAW**

STATE OF NEW YORK　　　　)
　　　　　　　　　　　　　)ss.:
COUNTY OF ORANGE　　　　　)

Jeremy K. Teicher, being duly sworn, deposes and says:

1. I am Executive Vice President of the Plaintiff, Jarmison Group of NY, LLC ("Jarmison" or "Plaintiff"), a New York Limited Liability Company with its offices located at 758 State Highway 18, Suite 103, East Brunswick, NJ 08816.

2. Jarmison Group of NY, LLC is a General Contractor in the business of Residential Real Estate Construction in the State of New York.

3. This affidavit is made in support of the Plaintiff's Order to Show Cause and Verified Complaint pursuant to Section 3, 4, 9 and 39(a), of the New York Lien Law for an Order to Discharge Defendant's three (3) mechanic's liens upon private improvements dated November 5, 2007 & recorded on or about November 7, 2007 in the Orange County Clerk's Office, in the amounts of (a) $52,442.09, (b) $4,267.48, (c) $5,955.53 against the properties attached as Schedule A, all of which are located in Newburgh, NY 12550, filed by Stevenson Millwork, Inc. and Stevenson Lumber Company-Newburgh, Inc. (hereinafter "Stevenson").

4. Jarmison, is a General Contractor entered into various purchase order agreements for construction materials from the suppliers, Stevenson, for materials to a portion of the property

owned by Jarmison Group of NY, LLC in Newburgh, New York where the General Contractor, Jarmison, is constructing 28 townhomes known as "Highland Manor Townhomes" or the "Site".

5. Jarmison & Stevenson had previously entered into a certain purchase order agreement to purchase material for only the 28 Townhome Units which was the last phase of which consisted of five (5) buildings known as Buildings 10, 11, 12, 13 and 14.

6. As part of the products requested under Purchase Order Agreements. Stevenson only provided materials to buildings 12, 13, and 14 located in Newburgh, NY 12550.

7. No building materials were provided by the defendants to Building 10 and 11.

8. Due to unfavorable market conditions, Jarmison Group of NY, LLC became unable to make payments to Stevenson on amounts owed.

9. Thereafter, Stevenson filed three (3) notices of mechanic's liens with the Orange County Clerk dated November 5, 2007 and filed on or about November 7, 2007, which were improperly filed against additional property which it had no right to lien to wit building 10 and 11.

10. Defendants improperly filed three (3) mechanics' liens against units which it knew or should had known which were conveyed to good faith purchases prior to the lien filings.

11. Defendant was only entitled to mechanic's liens for the portions of the site for which materials were provided by Defendants. Defendants' mechanic's liens grossly overstate the property location of the area, subject to the lien.

12. Upon information and belief, no assignment has been filed of the aforesaid liens and no action has been commended to foreclose same.

13. As previously indicated Jarmison seeks the removal of the three (3) liens pursuant to New York Lien Law 3, 4, 9 and 39(a) due to the fact that the defendant has exaggerated both the buildings and the units subject to the lien.

14. Upon discovery by Jarmison of the liened lots, correspondence was forwarded to counsel for Stevenson dated November 19, 2007 and November 27, 2007, which demanded the release of the mechanic's liens. See Exhibit B attached hereto.

15. Plaintiff's request to vacate the mechanic's liens was either denied or ignored by the Defendants.

16.    Deponent is Senior Vice President and contractor, requests pursuant to statute (Lien Law 3, 4, 9 and 39(a) an Order of the Court directed to the Clerk of Orange County to discharge the three (3) liens against the properties contained in Schedule A.

17.    No previous application has been made for the relief herein sought.

Jeremy K. Teicher

Sworn to before me this
30ᵗʰ day of November 2007.

Notary Public

OKSANA S. KUZYSZYN
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 5/10/2010

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

———————————————————————

MOUNTAIN RIDGE DEVELOPMENT, LLC,            :
JARMISON GROUP OF NEW YORK, LLC, and        :
                      Plaintiffs,            :
                             :
   - against -            :
                             :
STEVENSON MILLWORK, INC and                 :
STEVENSON LUMBER COMPANY-NEWBURGH, INC      :
                             :
              Defendants,            :

———————————————————————

**AFFIRMATION IN SUPPORT OF PLAINTIFF'S ORDER TO SHOW CAUSE AND VERIFIED COMPLAINT DISCHARGING MECHANICS LIENS FOR PRIVATE IMPROVEMENTS PURSUANT TO LIEN LAWS 3, 4, 9 AND 39(a) OF THE NEW YORK LIEN LAW**

STATE OF NEW YORK    )
                    )ss.:
COUNTY OF ORANGE    )

    Fred Teicher, being duly sworn, deposes and says:

    1.  I am Managing Member of the Plaintiff, Mountain Ridge Development, LLC ("Mountain" or "Plaintiff"), a New York Limited Liability Company with its offices located at 758 State Highway 18, Suite 103, East Brunswick, NJ 08816.

    2.  Mountain Ridge Development, LLC is the owner of the land located in Newburgh, New York, which is the subject of this Application.

    3.  This affidavit is made in support of the Plaintiff's Order to Show Cause and Verified Complaint pursuant to Section 3, 4, 9 and 39(a), of the New York Lien Law for an Order to Discharge Defendant's three (3) mechanic's liens upon private improvements dated November 5, 2007 & recorded on or about November 7, 2007 in the Orange County Clerk's Office, in the amounts of (a) $52,442.09, (b) $4,267.48, (c) $5,955.53 against the properties attached as Schedule A, all of which are located in Newburgh, NY 12550, filed by Stevenson Millwork, Inc. and Stevenson Lumber Company-Newburgh, Inc. (hereinafter "Stevenson").

    4.  Jarmison, the General Contractor entered into various purchase order agreements for construction materials from the suppliers, Stevenson, for materials to a portion of the property owned by Mountain Ridge Development, LLC in Newburgh, New York where the General

Contractor, Jarmison, is constructing 28 townhomes known as "Highland Manor Townhomes" or the "Site".

5. Jarmison & Stevenson had previously entered into a certain purchase order agreement to purchase material for the 28 Townhome Units which consisted of five (5) buildings known as Buildings 10, 11, 12, 13 and 14.

6. As part of the products requested under Purchase Order Agreements. Stevenson only provided materials to buildings 12, 13, and 14 located in Newburgh, NY 12550. See Exhibit "A".

7. No building materials were provided by the defendants to Building 10 and 11.

8. Due to unfavorable market conditions, Jarmison Group of NY, LLC became unable to make payments to Stevenson on amounts owed.

9. Thereafter, Stevenson filed three (3) notices of mechanic's liens with the Orange County Clerk dated November 5, 2007 and filed on or about November 7, 2007, which were improperly filed against additional property which it had no right to lien to wit building 10 and 11.

10. Defendants improperly filed three (3) mechanics' liens against units which it knew or should had known which were conveyed to good faith purchases prior to the lien filings.

11. Defendant was only entitled to mechanic's liens for the portions of the site for which materials were provided by Defendants. Defendants' mechanic's liens grossly overstate the property location of the area subject to the lien.

12. Upon information and belief, no assignment has been filed of the aforesaid liens and no action has been commended to foreclose same.

13. As previously indicated, Jarmison seeks the removal of the three (3) liens pursuant to New York Lien Law 3, 4, 9 and 39(a) due to the fact that the defendant has exaggerated both the buildings and the units subject to the lien.

14. Upon discovery by Mountain Ridge of the liened lots, correspondence was forwarded to counsel for Stevenson dated November 19, 2007 and November 27, 2007, which demanded the release of the mechanic's liens. See Exhibit B attached hereto.

15.    Plaintiff's request to vacate the mechanic's liens was either denied or ignored by the Defendants.

16.    Deponent, Managing Member or Mountain Ridge Development, LLC, requests pursuant to statute (Lien Law 3, 4, 9 and 39(a) an Order of the Court directed to the Clerk of Orange County to discharge the three (3) liens against the properties contained in Schedule A.

17.    No previous application has been made for the relief herein sought.

_____
Fred Teicher, Managing Member
Mountain Ridge Development, LLC

Sworn to before me this
30ᵗʰ day of November, 20 07.

_____
Notary Public    OKSANA S. KUZYSZYN
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 5/10/2010

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-----------------------------------------------------------------X

MOUNTAIN RIDGE DEVELOPMENT, LLC, and                    Index No.: 2007-11686
THE JARMISON GROUP OF NEW YORK, LLC

                                        Plaintiffs,

                                                        **NOTICE OF FILING**
                    -against-                           **OF REMOVAL**

STEVENSON MILLWORK, INC. and STEVENSON
LUMBER COMPANY-NEWBURGH, INC.,

                                        Defendants.

-----------------------------------------------------------------X

**C O U N S E L :**

        Please take notice that the within is a true copy of a Notice of Removal of the above-

captioned action from the Supreme Court of the State of New York, County of Orange to the

United States District Court for the Southern District of New York, filed with the Clerk of the

United States District Court for the Southern District of New York on December 21, 2007.


Dated: White Plains, New York
        December 21, 2007


                            Respectfully submitted,

                            WELBY, BRADY & GREENBLATT, LLP


                            _____
                            Thomas Tripodianos (TST-0048 )
                            *Attorneys for Defendants*
                            *Stevenson Lumber Company-Newburgh, Inc.*
                            *Stevenson Millwork, Inc.*
                            Westchester Financial Center
                            11 Martine Avenue, Penthouse
                            White Plains, New York 10606
                            Tel (914) 428-2100

TO:    David M. Saltzman, Esq.
       *Attorney for Plaintiffs*
       100 Delafield Lane
       Newburgh, New York  12550