UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MOUNTAIN RIDGE DEVELOPMENT, LLC, and
THE JARMISON GROUP OF NEW YORK, LLC

**ANSWER TO COMPLAINT**

Plaintiffs,

-against-

STEVENSON MILLWORK, INC. and STEVENSON LUMBER COMPANY-NEWBURGH, INC.,

Case No. 07-cv-11503(KMK)

Defendant.

------------------------------------------------------------------X

Defendants, Stevenson Millwork, Inc. and Stevenson Lumber Company-Newburgh, Inc. (together, "Stevenson"), by its attorneys, Welby, Brady & Greenblatt, LLP, as and for its Answer to the Complaint alleges as follows:

**ANSWERING THE SECTION OF THE COMPLAINT CAPTIONED "PARTIES"**

1. Answering paragraph "1", deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

2. Answering paragraph "2", deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

3. Answering paragraph "3", deny each and every allegation contained therein, except to admit that Stevenson Millwork, Inc. ("Stevenson Millwork") has a principal place of business at 1585 Monroe Turnpike, Stevenson, Connecticut 06491.

4. Answering paragraph "4", deny each and every allegation contained therein, except to admit that Stevenson Lumber Company-Newburgh, Inc. ("Stevenson Lumber") has a principal place of business at 1585 Monroe Turnpike, Stevenson, Connecticut 06491.

## ANSWERING THE SECTION OF THE COMPLAINT CAPTIONED "FACTS"

5. Answering paragraph "5", deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except to state that, upon information and belief, plaintiff Mountain Ridge Development, LLC ("Mountain Ridge") is the owner of of real property in Newburgh, New York and the developer of a development named the Highland Manor Townhomes (the "Project").

6. Answering paragraph "6", deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except to admit that, upon information and belief, The Jarmison Group of New York, LLC ("Jarmison") performed work at the Project.

7. Answering paragraph "7", deny the allegations contained therein except to admit that Jarmison issued various purchase orders in connection with the credit agreement entered into between Stevenson Millwork, Stevenson Lumber and Jarmison.

8. Answering paragraph "8", deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

9. Answering paragraph "9", deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except states that payment was expected of the amounts invoiced to Jarmison.

10. Answering paragraph "10", admit the allegations contained therein.

11. Answering paragraph "11", deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

12. Answering paragraph "12", admit the allegations contained therein, but deny that the agreement between the parties contained any provision relating to the condition of the market and its fortunes.

13. Answering paragraph "13", deny the allegations contained therein, except to admit that certain mechanic's liens were filed against property owned by Mountain Ridge.

14. Answering paragraph "14", deny the allegations contained therein.

15. Answering paragraph "15", deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

16. No response is required to paragraph "16", as the same consists entirely of a conclusion or conclusions of law.

17. Answering paragraph "17", deny the allegations contained therein, except admit that correspondence between counsel for the parties was exchanged on or about the dates alleged.

18. Answering paragraph "18", deny the allegations contained therein.

**ANSWERING COUNT ONE OF THE COMPLAINT**

19. Answering paragraph "19", admit the allegations contained therein.

20. Answering paragraph "20", admit the allegations contained therein.

21. Answering paragraph "21", deny the allegations contained therein, except to admit that certain mechanic's liens were filed against property owned by Mountain Ridge.

22. Answering paragraph "22", deny the allegations contained therein.

23. Answering paragraph "23", deny the allegations contained therein, except admit that correspondence between counsel for the parties was exchanged on or about the dates alleged.

24. Answering paragraph "24", deny the allegations contained therein.

25. The paragraph entitled "WHEREFORE" appears to be an *ad damnum* clause to which no response is necessary; to the extent a response is deemed necessary, the allegations contained therein are denied.

**ANSWERING COUNT TWO OF THE COMPLAINT**

26. Answering paragraph "25", repeats and re-alleges all of the admissions, denials, averments, objections and reservations set forth in this answer in response to the paragraphs of the complaint incorporated by reference.

27. Answering paragraph "26", deny the allegations contained therein, except to admit that defendants did file certain mechanic's liens against property owned by Mountain Ridge on or about the date alleged.

28. Answering paragraph "27", deny the allegations contained therein, except admit that correspondence between counsel for the parties was exchanged on or about the dates alleged.

29. Answering paragraph "28", deny the allegations contained therein.

30. The paragraph entitled "WHEREFORE" appears to be an *ad damnum* clause to which no response is necessary; to the extent a response is deemed necessary, the allegations contained therein are denied.

### ANSWERING COUNT THREE OF THE COMPLAINT

31. Answering paragraph "29", repeats and re-alleges all of the admissions, denials, averments, objections and reservations set forth in this answer in response to the paragraphs of the complaint incorporated by reference.

32. Answering paragraph "30", deny the allegations contained therein, except to admit that certain mechanic's liens were filed against property owned by Mountain Ridge.

33. No response is required to paragraph "31", as the same consists entirely of a conclusion or conclusions of law.

34. Answering paragraph "32", deny the allegations contained therein.

35. The paragraph entitled "WHEREFORE" appears to be an *ad damnum* clause to which no response is necessary; to the extent a response is deemed necessary, the allegations contained therein are denied.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

36.  The plaintiffs fail to state a cause of action upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

37.  The complaint contains insufficient information to permit the defendants to raise all appropriate defenses, and the defendants therefore reserve their right to amend and/or supplement this answer with additional separate defenses.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

38.  Since portions of the mechanic's liens pertaining to units sold prior to the filing of the liens have been released, the complaint is moot to the extent thereof.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

39.  There is no obligation to apportion the mechanic's liens.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

40.  The mechanic's liens are proper as to the unsold parcels.


**WHEREFORE,** Stevenson Lumber Company-Newburgh, Inc. and Stevenson Millwork, Inc. respectfully demand judgment as follows:

1.  Dismissing the plaintiffs' Verified Complaint; and
2.  Such other and further relief as this court may deem just, proper and equitable.

Dated: White Plains, New York
       January 7, 2008

                                         WELBY, BRADY & GREENBLATT, LLP

                                         By:_____/s_____
                                              Thomas S. Tripodianos (TST-0048)
                                              Attorneys for Defendants
                                              Stevenson Millwork, Inc.
                                              Stevenson Lumber Company-Newburgh, Inc.
                                              11 Martine Avenue
                                              White Plains, New York 10606
                                              (914) 428-2100