UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MOUNTAIN RIDGE DEVELOPMENT, LLC, and
THE JARMISON GROUP OF NEW YORK, LLC

                                Plaintiffs,

        -against-                                              Case No.: 07-cv-11503(KMK)

STEVENSON MILLWORK, INC. and STEVENSON
LUMBER COMPANY-NEWBURGH, INC.,

                                Defendant.

-------------------------------------------------------------------X

STEVENSON    MILLWORK,    INC.,    STEVENSON
LUMBER COMPANY-NEWBURGH, INC., on behalf of
themselves and of all persons entitled to share in the funds       **THIRD-PARTY COMPLAINT**
received by Mountain Ridge Development, LLC and The
Jarmison Group of New York, Inc. in connection with a
project known as the Highland Manor Townhouses,
Newburgh, NY, and TRUSS-TECH, INC.,

                        Third-Party               Case No.: 07 - cv - 11503
                        Plaintiffs,

            -against-

MOUNTAIN    RIDGE    DEVELOPMENT,    LLC,
JARMISON GROUP OF NEW YORK, LLC, THE
JARMISON GROUP, INC., JARMISON GROUP OF
PA, LLC, TEICHER ORGANIZATION AT LEHMAN'S
POINTE,   LLC,   TEICHER   ORGANIZATION   AT
PINECREST LAKE, LLC, and NORMA TEICHER, and
"JOHN DOE 1" through "JOHN DOE 10", fictitious
names, parties intended being liable for the diversion of
trust funds pursuant to Article 3-A of the Lien Law of the
State of New York, in connection with a project known as
the Highland Manor Townhouses, Newburgh, NY,

                        Third- Party
                        Defendants.

-------------------------------------------------------------------X

Third-party plaintiffs, Stevenson Millwork, Inc., Truss-Tech, Inc. and Stevenson Lumber Company-Newburgh, Inc. (together, "Stevenson"), by their attorneys, Welby, Brady & Greenblatt, LLP, as and for a Third-Party Complaint allege as follows:

## INTRODUCTION

1.    In this action, Stevenson seeks to recover monetary damages of $210,708.13, together with interest thereon, arising out of the third-party defendants' failure to pay for materials and supplies furnished by Stevenson in connection with various construction projects.

2.    Stevenson also asserts claims alleging violations of the trust fund provisions of Article 3-A of the Lien Law of the State of New York.

## PARTIES

3.    At all times relevant herein, third-party plaintiff Stevenson Lumber Company-Newburgh, Inc. ("Stevenson Lumber") was and is a Delaware corporation with offices and a principal place of business located at 1585 Monroe Turnpike, Stevenson, Connecticut 06491.

4.    At all times relevant herein, third-party plaintiff Truss-Tech, Inc. ("Truss-Tech") was and is a Delaware corporation with offices and a principal place of business located at 1585 Monroe Turnpike, Stevenson, Connecticut 06491.

5.    At all times relevant herein, third-party plaintiff Stevenson Millwork, Inc. ("Stevenson Millwork") was and is a Delaware corporation with offices and a principal place of business located at 1585 Monroe Turnpike, Stevenson, Connecticut 06491.

6.    Upon information and belief, at all times relevant herein, third-party defendant Mountain Ridge Development, LLC ("Mountain Ridge LLC") was and is a New York limited liability company with a principal place of business located at 758 State Highway 18, Suite 103, East Brunswick, New Jersey 08816.

7.    Upon information and belief, at all times relevant herein, third-party defendant Jarmison Group of New York, LLC ("Jarmison NY") was and is a New York limited liability

company with a principal place of business located at 758 State Highway 18, Suite 103, East Brunswick, New Jersey 08816.

8.    Upon information and belief, at all times relevant herein, third-party defendant The Jarmison Group, Inc. ("Jarmison NJ") was and is a New Jersey corporation with a principal place of business located at 758 State Highway 18, Suite 103, East Brunswick, New Jersey 08816.

9.    Upon information and belief, at all times relevant herein, third-party defendant Jarmison Group of PA, LLC ("Jarmison PA") was and is a Pennsylvania limited liability company with a principal place of business located at 758 State Highway 18, Suite 103, East Brunswick, New Jersey 08816.

10.    Upon information and belief, at all times relevant herein, third-party defendant Teicher Organization at Lehman's Pointe, LLC ("Lehman's Pointe LLC") was and is a Pennsylvania limited liability company with a principal place of business located at 758 State Highway 18, Suite 103, East Brunswick, New Jersey 08816.

11.    Upon information and belief, at all times relevant herein, third-party defendant Teicher Organization at Pinecrest Lake, LLC ("Pinecrest LLC") was and is a Pennsylvania limited liability company with a principal place of business located at 758 State Highway 18, Suite 103, East Brunswick, New Jersey 08816.

12.    Upon information and belief, third-party defendant Norma Teicher ("Teicher") was and is a natural person with an address located at 758 State Highway 18, Suite 103, East Brunswick, New Jersey 08816.

13.    Upon information and belief, defendants "John Doe 1" through "John Doe 10" are fictitious names, intended to be parties liable for the diversion of trust funds pursuant to Article 3-A of the Lien Law of the State of New York, in connection with a project known as the Highland Manor Townhouses, Newburgh, New York.

## JURISDICTION & VENUE

14.     Stevenson Lumber, Truss-Tech and Stevenson Millwork are Delaware corporations with principal places of business located at 1585 Monroe Turnpike, Stevenson, Connecticut. Jarmison NJ is a New Jersey corporation, Jarmison PA, Lehman's Pointe LLC, and Pinecrest LLC are all Pennsylvania limited liability companies, Jarmison NY and Mountain Ridge LLC are New York limited liability companies, and Teicher is a New Jersey resident. The principal places of business for all entity third-party defendants is 758 State Highway 18, Suite 103, East Brunswick, New Jersey. Pursuant to 28 U.S.C. §1332, this court has diversity jurisdiction over these claims. Jarmison NJ, Jarmison NY and Jarmison PA are collectively referred to herein as the "Jarmison Entities".

15.     Pursuant to 28 U.S.C. §1391(a)(2), venue lies in the Southern District of New York because a substantial part of the events or omissions giving rise to parties' claims occurred in this District.

## FACTS

16.     These claims arise out of construction projects known as (1) the Highland Manor Townhouses Project, on property owned by Mountain Ridge LLC in Newburgh, New York (the "Mountain Ridge Project"); (2) the Saugerties Commons Project, located in Saugerties, New York (the "Saugerties Project"); (3) the Lehman's Pointe Project, on property owned by Lehman's Pointe LLC in Lehman Township, Pennsylvania (the "Lehman's Pointe Project"); and (4) the Pinecrest Lake Project, on property owned by Pinecrest LLC in Tobyhanna Township, Pennsylvania (the "Pinecrest Project").

17.     Upon information and belief, Mountain Ridge LLC, as owner, entered into a contract with one or more of the Jarmison Entities, as general contractor, for the construction of the Mountain Ridge Project.

18.    Upon information and belief, one or more of the Jarmison Entities was the general contractor for the construction of the Saugerties Project.

19.    Upon information and belief, Lehman's Pointe LLC, as owner, entered into a contract with one or more of the Jarmison Entities, as general contractor, for the construction of the Lehman's Pointe Project.

20.    Upon information and belief, Pinecrest LLC, as owner, entered into a contract with one or more of the Jarmison Entities, as general contractor, for the construction of the Pinecrest Project.

## THE AGREEMENT

21.    In or about October, 2000, Jarmison NJ entered into a credit agreement with Stevenson (the "Agreement"). A copy of the Agreement is annexed hereto as Exhibit "A".

22.    Pursuant to the terms of the Agreement, Stevenson agreed to furnish, and Jarmison NJ agreed to pay for, certain building materials for use in various construction projects.

23.    Stevenson created several credit accounts for various projects under the name of Jarmison NJ in reliance upon the Agreement.

24.    Upon information and belief, Jarmison NJ, Jarmison NY, Jarmison PA, Mountain Ridge LLC, Lehman's Pointe LLC and Pinecrest LLC are all affiliated entities owned and/or controlled by the principals, members, shareholders, officers, executives and/or agents of The Teicher Organization, a real estate developer located in East Brunswick, New Jersey and together operate as one enterprise.

25.    Upon information and belief Jarmison NJ, Jarmison NY, Jarmison PA, Mountain Ridge LLC, Lehman's Pointe LLC and Pinecrest LLC are a single business incorporated as separate corporations to isolate business assets and risks.

26.    Upon information and belief, Teicher is an officer of the Jarmison Entities.

27.    Upon information and belief, the Jarmison Entities share common employees, offices, addresses, and telephone numbers.

28.    At the time Stevenson entered into the credit agreement it was not aware of the existence of the various Jarmison Entities.  Stevenson believed that it was dealing only with Jarmison NJ as the party who entered into the Agreement.

29.    The various Jarmison Entities ordered building materials and supplies from Stevenson under the account and credit of Jarmison NJ without informing Stevenson that there were in fact various Jarmison Entities.

30.    Upon information and belief the various Jarmison Entities had authority to utilize the account of Jarmison NJ to order building materials and supplies from Stevenson.

31.    The various Jarmison Entities had a duty to inform Stevenson of the existence of the multiple corporate entities and the similarity of the names.

32.    The various Jarmison Entities had a duty to inform Stevenson they were utilizing the account of Jarmison NJ to order building materials and supplies from Stevenson even though they themselves did not have an account with Stevenson.

33.    Due to the similarity of the names and corporate structure and the identity of the management and employees of the various Jarmison Entities, Stevenson reasonably believed that it was dealing with Jarmison NJ, the party who entered into the Agreement.

34.    Stevenson relied upon the credit of Jarmison NJ when it unknowingly furnished building materials and supplies to the various Jarmison Entities.

35.    Stevenson unknowingly furnished building materials and supplies to one or more of the Jarmison Entities for the various projects in reliance upon the Agreement.

36.    The various Jarmison Entities ordered building supplies for the Mountain Ridge Project, the Saugerties Project, the Lehman's Pointe Project and the Pinecrest Project, and Stevenson delivered said supplies.

37.    Stevenson delivered said materials in reliance upon the Agreement.

38.    The various Jarmison Entities accepted said materials.

## COUNT ONE
### (Breach of Contract by Stevenson Lumber on account of the Mountain Ridge and Saugerties Projects)

39.    Third-party plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "38" with the same force and effect as if more fully set forth at length herein.

40.    In or about and between April, 2006 and August, 2007, Stevenson Lumber furnished to the Jarmison Entities materials for the agreed price of $86,032.28 for use in the Mountain Ridge and Saugerties Projects.

41.    The Jarmison Entities have failed and refused to pay for the materials furnished and accepted, although payment has been duly demanded.

42.    There is now due and owing to Stevenson Lumber the amount of $86,032.28.

43.    By reason of the above, Stevenson Lumber has been damaged and demands judgment against the Jarmison Entities in the amount of $86,032.28, along with interest thereon from August 8, 2007.

## COUNT TWO
### (Breach of Contract by Stevenson Millwork on account of the Mountain Ridge Project)

44.    Third-party plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "43" with the same force and effect as if more fully set forth at length herein.

45.    On or about and between April, 2006 and August, 2007, Stevenson Millwork furnished to the Jarmison Entities materials for the agreed price of $4,267.48 for use in the Mountain Ridge Project.

46.    The Jarmison Entities have failed and refused to pay for the materials furnished and accepted, although payment has been duly demanded.

47.    There is now due and owing to Stevenson Millwork the amount of $4,267.48.

48.    By reason of the above, Stevenson Millwork has been damaged and demands judgment against the Jarmison Entities in the amount of $4,267.48, along with interest thereon from August 8, 2007.

## COUNT THREE
### (Unjust Enrichment by Stevenson Lumber on account of the Mountain Ridge and Saugerties Projects)

49.    Third-party plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "48" with the same force and effect as if more fully set forth at length herein.

50.    Between April, 2006 and August, 2007, Stevenson Lumber, at the special instance and request of the Jarmison Entities, performed, provided and furnished certain materials and supplies for the Mountain Ridge and Saugerties Projects.

51.    The fair and reasonable value of the materials and supplies furnished by Stevenson Lumber for the Jarmison Entities at their specific instance and request is $86,032.28, of which no less than $86,032.28 remains outstanding despite due demand therefor.

52.    If it is determined for any reason that the Agreement does not govern the performance of the parties, then Stevenson Lumber is entitled to be compensated *in quantum meruit* for the value of the materials and supplies it furnished, the value thereof being not less than $86,032.28.

53.    By reason of the foregoing, Stevenson Lumber has been damaged and demands judgment against the Jarmison Entities in an amount to be determined at the trial of this action, but in no event less than $86,032.28, along with interest thereon.

## COUNT FOUR
### (Unjust Enrichment by Stevenson Millwork on account of the Mountain Ridge Project)

54.     Third-party plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "53" with the same force and effect as if more fully set forth at length herein.

55.     Between April, 2006 and August, 2007, Stevenson Millwork, at the special instance and request of the Jarmison Entities, performed, provided and furnished certain materials and supplies for the Mountain Ridge Project.

56.     The fair and reasonable value of the materials and supplies furnished by Stevenson Millwork for the Jarmison Entities at their specific instance and request is $4,267.48, of which no less than $4,267.48 remains outstanding despite due demand therefor.

57.     If it is determined for any reason that the Agreement does not govern the performance of the parties, then Stevenson Millwork is entitled to be compensated *in quantum meruit* for the value of the materials and supplies it furnished, the value thereof being not less than $4,267.48.

58.     By reason of the foregoing, Stevenson Millwork has been damaged and demands judgment against the Jarmison Entities in an amount to be determined at the trial of this action, but in no event less than $4,267.48 along with interest thereon.

## COUNT FIVE
### (Account Stated by Stevenson Lumber on account of the Mountain Ridge and Saugerties Projects)

59.     Third-party plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "58" with the same force and effect as if more fully set forth at length herein.

60.     Stevenson Lumber delivered to the Jarmison Entities invoices which detailed the total due and owing to Stevenson Lumber on account of the Mountain Ridge and Saugerties Projects.

61.     The Jarmison Entities accepted said invoices without objection.

62.     The invoices have become an account stated between Stevenson Lumber and the Jarmison Entities in the total amount of $86,032.28, of which $86,032.28 the Jarmison Entities have failed to pay to Stevenson Lumber.

63.     By reason of the foregoing, Stevenson Lumber has been damaged and demands judgment against the Jarmison Entities in the amount of $86,032.28, along with interest thereon.

**COUNT SIX**
**(Account Stated by Stevenson Millwork on account of the Mountain Ridge Project)**

64.     Third-party plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "63" with the same force and effect as if more fully set forth at length herein.

65.     Stevenson Millwork delivered to the Jarmison Entities invoices which detailed the total due and owing to Stevenson Millwork on account of the Mountain Ridge Project.

66.     The Jarmison Entities accepted said invoices without objection.

67.     The invoices have become an account stated between Stevenson Millwork and the Jarmison Entities in the total amount of $4,267.48, of which $4,267.48 the Jarmison Entities have failed to pay to Stevenson Millwork.

68.     By reason of the foregoing, Stevenson Millwork has been damaged and demands judgment against the Jarmison Entities in the amount of $4,267.48, along with interest thereon.

**COUNT SEVEN**
**(Trust Fund Diversion on account of the Mountain Ridge Project)**

69.    Third-party plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "68" with the same force and effect as if more fully set forth at length herein.

70.    Mountain Ridge LLC received funds in connection with the Mountain Ridge Project for labor, materials and equipment furnished by contractors, subcontractors, and suppliers, but, upon information and belief, Mountain Ridge LLC failed to pay over said sums.

71.    Said moneys transferred to and received by Mountain Ridge LLC constitute trust assets within the meaning of Article 3-A of the Lien Law of State of New York and are required to be held and applied for the payment of the cost of the Mountain Ridge Project and for the payment of expenditures arising out of the project and for the benefit of all persons, firms and corporations furnishing and supplying labor, materials and equipment for the Mountain Ridge Project.

72.    Upon information and belief, Mountain Ridge LLC provided funds to the Jarmison Entities in connection with the Mountain Ridge Project for labor, materials and equipment furnished by subcontractors and suppliers, but the Jarmison Entities have failed to pay over said sums.

73.    Said moneys transferred to and received by the Jarmison Entities constitute trust assets within the meaning of Article 3-A of the Lien Law of State of New York and are required to be held and applied for the payment of the cost of the Mountain Ridge Project and for the payment of expenditures arising out of the project and for the benefit of all persons, firms and corporations furnishing and supplying labor, materials and equipment for the Mountain Ridge Project.

74.    Upon information and belief, Mountain Ridge LLC received trust assets and/or diverted trust assets in violation of Article 3-A of the Lien Law of the State of New York.

75.    Upon information and belief, Mountain Ridge LLC consented to the diversion of trust assets in violation of Article 3-A of the Lien Law of the State of New York.

76.    Upon information and belief, the Jarmison Entities received trust assets and/or diverted trust assets in violation of Article 3-A of the Lien Law of the State of New York.

77.    Upon information and belief, the Jarmison Entities consented to the diversion of trust assets in violation of Article 3-A of the Lien Law of the State of New York.

78.    Upon information and belief, John Doe 1 through John Doe 10 received trust assets and/or diverted trust assets in violation of Article 3-A of the Lien Law of the State of New York.

79.    Upon information and belief, John Doe 1 through John Doe 10 consented to the diversion of trust assets in violation of Article 3-A of the Lien Law of the State of New York.

80.    Upon information and belief, John Doe 1 through John Doe 10 knowingly diverted trust assets in violation of Article 3-A of the Lien Law of the State of New York.

81.    One year has not passed since the completion of the Mountain Ridge Project.

82.    This cause of action is brought pursuant to the provisions of the Lien Law of the State of New York on behalf of the third-party plaintiffs and all persons, firms and corporations who have supplied labor, materials and equipment to the Mountain Ridge Project and who were not wholly paid therefor, and who shall seek to be vouched in as party claimants in this action and to contribute to the expense thereof and to participate in the proceeds thereof.

83.    Third-party plaintiffs have no adequate remedy at law.

## COUNT EIGHT
### (Breach of Contract by Stevenson Lumber on account of the Pinecrest and Lehman's Pointe Projects)

84. Third-party plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "83" with the same force and effect as if more fully set forth at length herein.

85. In or about and between June, 2005 and September, 2007, Stevenson Lumber furnished to the Jarmison Entities materials for the agreed price of $97,501.78 for use in the Pinecrest and Lehman's Pointe Projects.

86. The Jarmison Entities have failed and refused to pay for the materials furnished and accepted, although payment has been duly demanded.

87. There is now due and owing to Stevenson Lumber the amount of $97,501.78.

88. By reason of the above, Stevenson Lumber has been damaged and demands judgment against the Jarmison Entities in the amount of $97,501.78, along with interest thereon from August 8, 2007.

## COUNT NINE
### (Breach of Contract by Truss-Tech on account of the Pinecrest Project)

89. Third-party plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "88" with the same force and effect as if more fully set forth at length herein.

90. In or about and between June, 2005 and September, 2007, Truss-Tech furnished to the Jarmison Entities materials for the agreed price of $19,691.45 for use in the Pinecrest Project.

91. The Jarmison Entities have failed and refused to pay for the materials furnished and accepted, although payment has been duly demanded.

92. There is now due and owing to Truss-Tech the amount of $19,691.45.

93.    By reason of the above, Truss-Tech has been damaged and demands judgment against the Jarmison Entities in the amount of $19,691.45, along with interest thereon from August 8, 2007.

## COUNT TEN
### (Unjust Enrichment by Stevenson Lumber on account of the Pinecrest Project)

94.    Third-party plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "93" with the same force and effect as if more fully set forth at length herein.

95.    Between June, 2005 and September, 2007, Stevenson Lumber, at the special instance and request of Pinecrest LLC and the Jarmison Entities, performed, provided and furnished certain materials and supplies for the Pinecrest Project.

96.    The fair and reasonable value of the materials and supplies furnished by Stevenson Lumber for Pinecrest LLC and the Jarmison Entities at their specific instance and request is $55,731.35, of which no less than $55,731.35 remains outstanding despite due demand therefor.

97.    If it is determined for any reason that the Agreement does not govern the performance of the parties, then Stevenson Lumber is entitled to be compensated *in quantum meruit* for the value of the materials and supplies it furnished, the value thereof being not less than $55,731.35.

98.    By reason of the foregoing, Stevenson Lumber has been damaged and demands judgment against Pinecrest LLC and the Jarmison Entities in an amount to be determined at the trial of this action, but in no event less than $55,731.35, along with interest thereon.

## COUNT ELEVEN
### (Unjust Enrichment by Stevenson Lumber on account of the Lehman's Pointe Project)

99.     Third-party plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "98" with the same force and effect as if more fully set forth at length herein.

100.    Between June, 2005 and September, 2007, Stevenson Lumber, at the special instance and request of Lehman's Pointe LLC and the Jarmison Entities, performed, provided and furnished certain materials and supplies for the Lehman's Pointe Project.

101.    The fair and reasonable value of the materials and supplies furnished by Stevenson Lumber for Lehman's Pointe LLC and the Jarmison Entities at their specific instance and request is $41,770.43, of which no less than $41,770.43 remains outstanding despite due demand therefor.

102.    If it is determined for any reason that the Agreement does not govern the performance of the parties, then Stevenson Lumber is entitled to be compensated *in quantum meruit* for the value of the materials and supplies it furnished, the value thereof being not less than $41,770.43.

103.    By reason of the foregoing, Stevenson Lumber has been damaged and demands judgment against Lehman's Pointe LLC and the Jarmison Entities in an amount to be determined at the trial of this action, but in no event less than $41,770.43, along with interest thereon.

## COUNT TWELVE
### (Unjust Enrichment by Truss-Tech on account of the Pinecrest Project)

104.    Third-party plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "103" with the same force and effect as if more fully set forth at length herein.

105.    Between June, 2005 and September, 2007, Truss-Tech, at the special instance and request of Pinecrest LLC and the Jarmison Entities, performed, provided and furnished certain materials and supplies for the Pinecrest Project.

106.    The fair and reasonable value of the materials and supplies furnished by Truss-Tech for Pinecrest LLC and the Jarmison Entities at their specific instance and request is $19,691.45, of which no less than $19,691.45 remains outstanding despite due demand therefor.

107.    If it is determined for any reason that the Agreement does not govern the performance of the parties, then Truss-Tech is entitled to be compensated *in quantum meruit* for the value of the materials and supplies it furnished, the value thereof being not less than $19,691.45.

108.    By reason of the foregoing, Truss-Tech has been damaged and demands judgment against Pinecrest LLC and the Jarmison Entities in an amount to be determined at the trial of this action, but in no event less than $19,691.45, along with interest thereon.

### COUNT THIRTEEN
### (Account Stated by Stevenson Lumber on account of the Pinecrest and Lehman's Pointe Projects)

109.    Third-party plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "108" with the same force and effect as if more fully set forth at length herein.

110.    Stevenson Lumber delivered to the Jarmison Entities invoices which detailed the total due and owing to Stevenson Lumber on account of the Pinecrest and Lehman's Pointe Projects.

111.    The Jarmison Entities accepted said invoices without objection.

112.    The invoices have become an account stated between Stevenson Lumber and the Jarmison Entities in the total amount of $97,501.78, of which $97,501.78 the Jarmison Entities have failed to pay to Stevenson Lumber.

113.    By reason of the foregoing, Stevenson Lumber has been damaged and demands judgment against the Jarmison Entities in the amount of $97,501.78, along with interest thereon.

### COUNT FOURTEEN
### (Account Stated by Truss-Tech on account of the Pinecrest Project)

114.    Third-party plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "113" with the same force and effect as if more fully set forth at length herein.

115.    Truss-Tech delivered to the Jarmison Entities invoices which detailed the total due and owing to Truss-Tech on account of the Pinecrest Project.

116.    The Jarmison Entities accepted said invoices without objection.

117.    The invoices have become an account stated between Truss-Tech and the Jarmison Entities in the total amount of $19,691.45, of which $19,691.45 the Jarmison Entities have failed to pay to Truss-Tech.

118.    By reason of the foregoing, Truss-Tech has been damaged and demands judgment against the Jarmison Entities in the amount of $19,691.45, along with interest thereon.

### COUNT FIFTEEN
### (Breach of Guaranty by Stevenson Entities as against Norma Teicher)

119.    Third-party plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "118" with the same force and effect as if more fully set forth at length herein.

120.    On or about October 19, 2000, Teicher executed a personal guaranty whereby Teicher unconditionally and directly guaranteed the full, prompt and unconditional payment of

- 17 -

all obligations and amounts outstanding and/or owed by the Jarmison Entities to Stevenson Lumber, Stevenson Millwork and Truss-Tech. A copy of the personal guaranty is attached to the Agreement (Exhibit "A").

121.    There is now due and owing to Stevenson Lumber, Stevenson Millwork and Truss-Tech the sum of $207,492.99, along with interest thereon from August 8, 2007, no part of which has been paid by the Jarmison Entities or Teicher, although duly demanded.

122.    The personal guaranty provides for Stevenson Lumber, Stevenson Millwork and Truss-Tech to recover reasonable attorneys' fees in an action to enforce the personal guaranty.

123.    Accordingly, Teicher is liable to Stevenson Lumber, Stevenson Millwork and Truss-Tech for the attorneys' fees incurred in the prosecution of this action.

124.    By reason of the above, Stevenson Lumber, Stevenson Millwork and Truss-Tech have been damaged and demand judgment against Teicher in the amount of $207,492.99, along with the attorneys' fees incurred in the prosecution of this action, along with interest thereon from August 8, 2007.

### JURY DEMAND

125.    Third-party plaintiffs, Stevenson Lumber, Stevenson Millwork and Truss-Tech demand a trial by jury of all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**WHEREFORE,** Stevenson Lumber Company-Newburgh, Inc., Stevenson Millwork, Inc. and Truss-Tech, Inc. respectfully demand judgment as follows:

1.    On Count One, judgment against third-party defendants, the Jarmison Entities, in the amount of at least Eighty Six Thousand Thirty Two and 28/100 ($86,032.28) Dollars, interest thereon from August 8, 2007, along with costs and disbursements of this action;

2.    On Count Two, judgment against third-party defendants, the Jarmison Entities, in the amount of at least Four Thousand Two Hundred Sixty Seven and 48/100 ($4,267.48) Dollars, interest thereon from August 8, 2007, along with costs and disbursements of this action;

3.    On the Count Three, judgment against third-party defendants, the Jarmison Entities, in the amount of at least Eighty Six Thousand Thirty Two and 28/100 ($86,032.28) Dollars, interest thereon from August 8, 2007, along with costs and disbursements of this action;

4.    On Count Four, judgment against third-party defendants, the Jarmison Entities, in the amount of at least Four Thousand Two Hundred Sixty Seven and 48/100 ($4,267.48) Dollars, interest thereon from August 8, 2007, along with costs and disbursements of this action;

5.    On the Count Five, judgment against third-party defendants, the Jarmison Entities, in the amount of at least Eighty Six Thousand Thirty Two and 28/100 ($86,032.28) Dollars, interest thereon from August 8, 2007, along with costs and disbursements of this action;

6.    On Count Six, judgment against third-party defendants, the Jarmison Entities, in the amount of at least Four Thousand Two Hundred Sixty Seven and 48/100 ($4,267.48) Dollars, interest thereon from August 8, 2007, along with costs and disbursements of this action;

7.    On Count Seven, judgment against third-party defendants, Mountain Ridge Development, LLC, the Jarmison Entities and John Doe 1 through John Doe 10, jointly and severally, as follows:

(a) determining that at least the amount of $83,585.40 that was paid to or received by Mountain Ridge Development, LLC, the Jarmison Entities and John Doe 1 through John Doe 10, be declared trust funds and they trustees thereof for the benefit and purpose of all persons, firms or corporations who have rendered services or furnished materials in connection with the project known as the Highland Manor Townhouses, Newburgh, New York, and for the

- 19 -

determination and allocation of the respective rights and interests of such creditors and claimants in and to such trust funds;

(b) enjoining the third-party defendants Mountain Ridge Development, LLC, the Jarmison Entities and John Doe 1 through John Doe 10 from making any further diversions of the sums disbursed or advanced to them;

(c) finding defendants Mountain Ridge Development, LLC, the Jarmison Entities and John Doe 1 through John Doe 10 jointly and severally liable to third-party plaintiffs Stevenson Lumber Company-Newburgh, Inc. and Stevenson Millwork, Inc. in the amount of at least $83,545.40, together with interest thereon; and

(d) awarding attorneys fees incurred by Stevenson Lumber Company-Newburgh, Inc. and Stevenson Millwork, Inc. pursuant to Rule 23 of the Federal Rules of Civil Procedure, along with the costs and disbursements of this action;

8.    On Count Eight, judgment against third-party defendants, the Jarmison Entities, in the amount of at least Ninety Seven Thousand Five Hundred One and 78/100 ($97,501.78) Dollars, interest thereon from August 8, 2007, along with costs and disbursements of this action;

9.    On Count Nine, judgment against third-party defendants, the Jarmison Entities, in the amount of at least Nineteen Thousand Six Hundred Ninety One and 45/100 ($19,691.45) Dollars, interest thereon from August 8, 2007, along with costs and disbursements of this action;

10.    On Count Ten, judgment against third-party defendants, Teicher Organization at Pinecrest Lake, LLC and the Jarmison Entities, in the amount of at least Fifty Five Thousand Seven Hundred Thirty One and 35/100 ($55,731.35) Dollars, interest thereon from August 8, 2007, along with costs and disbursements of this action;

11.    On Count Eleven, judgment against third-party defendants, Teicher Organization at Lehman's Pointe, LLC and the Jarmison Entities, in the amount of at least Forty One

Thousand Seven Hundred Seventy and 43/100 ($41,770.43) Dollars, interest thereon from August 8, 2007, along with costs and disbursements of this action;

12.     On Count Twelve, judgment against third-party defendants, Teicher Organization at Pinecrest Lake, LLC and the Jarmison Entities, in the amount of at least Nineteen Thousand Six Hundred Ninety One and 45/100 ($19,691.45) Dollars, interest thereon from August 8, 2007, along with costs and disbursements of this action;

13.     On Count Thirteen, judgment against third-party defendants, the Jarmison Entities, in the amount of at least Ninety Seven Thousand Five Hundred One and 78/100 ($97,501.78) Dollars, interest thereon from August 8, 2007, along with costs and disbursements of this action;

14.     On Count Fourteen, judgment against third-party defendant, Norma Teicher, in the amount of at least Two Hundred Seven Thousand Four Hundred Ninety Two and 99/100 ($207,492.99) Dollars, interest thereon from August 8, 2007, and the reasonable attorneys' fees incurred in the prosecution of this action, along with the costs and disbursements of this action; and

15.     Such other and further relief as to this Court may seem just and proper.

Dated: White Plains, New York
        January 7, 2008

WELBY, BRADY & GREENBLATT, LLP

By:_____
        Thomas S. Tripodianos (TST0048)
        Attorneys for Defendants
        Stevenson Millwork, Inc.
        Stevenson Lumber Company-Newburgh, Inc.
        11 Martine Avenue
        White Plains, New York 10606
        (914) 428-2100

- 21 -

**Exhibit A**

FROM : STEVENSON LUMBER CO          PHONE NO. : 914 568 6036          Oct. 19 2000 02:49PM P3

Page 1 of 4

# CREDIT APPLICATION

### STEVENSON LUMBER COMPANY - NEWBURGH INC.
a wholly owned subsidiary of KLM Industries Inc.
Rte 32, 55 Windsor Highway, New Windsor NY 12553
1-914-568-0078

465691

Salesman: _Henry Molenowski 261_          Date: _10/9/00_

Federal ID # _22-3092530_   or Social Security # _____

ACCOUNT NAME: _Jarmson Group, Inc._

Street: _788 Highway 18 Suite 103_   Town: _E. Brunswick_   State: _NJ_

Zip: _08816_

Telephone: _____ (Home)   _(732) 698-2662_ (Business)

Check One: _____ Corp _X_ Partnership _____ Sole Proprietor
_____ Homeowner Purchase for Household Use

Type of Business: _Construction_

Date Established: _1-29-91_

Corporate Officers or Partners:

| | Name | Home Address | Title | Phone # | SSN |
|---|---|---|---|---|---|
| 1. | Norma Teicher | E. Brunswick, NJ | Pres/Owner | | |
| 2. | Fred Teicher | E. Brunswick, NJ | Sec | | |
| 3. | Jerry Teicher | E. Brunswick NJ | V.P. | | |
| 4. | | | | | |

Credit References (Not Personal) include name, address & phone #: _732-741-1095_

| | | | | |
|---|---|---|---|---|
| 1. | Builders General | Little Silver, NJ | (908) 757-6600 | Bob Susser |
| 2. | J. Gazara | Monroe Twnshp NJ | (609) 448-8602 | Dave Gazara |
| 3. | Classic Ceramic Tile | E. Brunswick, NJ | (732) 390-7700 | Anthony Solari  732-390-6606 |
| 4. | R.A.H. | Howell NJ | (732) 886-0810 | Miles Brueckner |

Bank References:

| | Name | Branch | Acct No | Acct Name |
|---|---|---|---|---|
| 1.Checking: | First Union | E. Brunswick NJ | various | (Dee Parletts) |
| 2.Checking: | Pulaski | Hilltown NJ | various | (Donna Quebero?) |
| 3.Mortgage: | | | | |
| 4.Savings: | | | | |

For Homeowner Use Only:

| | Employer (incl. phone #) | How Long | SSN | Gross Earnings(Yr) |
|---|---|---|---|---|
| Husband: | | | | |
| Wife: | | | | |

Amount of Credit Desired: _200,000_

The within and foregoing information is submitted for the purpose of obtaining materials on credit from Stevenson Lumber Company - Newburgh Inc. or any of its affiliates. It is understood and agreed that in the event Stevenson Lumber Company - Newburgh Inc. extends credit to the undersigned, they shall do so in reliance on these representations. Any credit or bank reference or any employer named above is hereby authorized to disclose to Stevenson Lumber Company - Newburgh Inc. or any of its affiliates, at all times, any information which it has, pertaining to the undersigned.

Home Owner Account:
Name: _____
Name: _____
ers or Owners Only (Do Not Print)

Business Account:
Name of Business: _Jarmson Group, Inc._
By: _Norma W. Teicher_
_Norma Teicher_

_2% net 60_

FROM : STEVENSON LUMBER CO     PHONE NO. : 914 568 6036     Oct. 19 2000 02:50PM P4

FROM : TEICHER     FAX NO. : 732 698 2661     Oct. 19 2000 03:17PM P3

FROM : STEVENSON LUMBER CO     PHONE NO. : 914 568 6036     Oct. 18 2000 10:19PM P3

BUSINESS

STEVENSON LUMBER COMPANY - NEWBURGH INC.

Page 2 of 4

To the Bank/Employer/Creditor

This will authorize you to release, and make available to Stevenson Lumber Company - Newburgh Inc. or any of its affiliates, and to any member of their Credit department, any and all information relating to or pertaining to any dealings that I have had with you, any indebtedness to you or funds on deposit/on with you, or my employment with you. This information should be furnished by you to Stevenson Lumber Company - Newburgh Inc., at any time this authorization is in effect.

This authorization shall remain in full force and effect unless and until it has been terminated, in writing, by the undersigned.

Dated at _East Brunswick_ this _19TH_ day of _Oct_ 2000

Signature: _Norma O. Teicher_

## UNCONDITIONAL GUARANTY

Guarantor is a shareholder, partner, officer or director of the Purchaser. Guarantor hereby represents and warrants that it is in the Guarantor's direct interest to assist the Purchaser because of the Guarantor's interest in and relationship with the Purchaser. The consideration for this continuing and unconditional guaranty is the Company's agreement to sell lumber, millwork, trusses and/or other related supplies and services to the Purchaser. It is acknowledged that the Companies would not have sold lumber, millwork, trusses and related supplies to the Purchaser without this Guaranty and has relied upon this Guaranty. In order to induce the Companies to extend credit to the Purchaser, the undersigned unconditionally guarantees to the Companies, their successors and assigns, performance of all obligations and payment of all indebtedness incurred by any of said persons under said agreement, together with all costs of collection, including reasonable attorney's fees as provided herein. The undersigned further promise to pay all costs of collection, including reasonable attorney's fees incurred in any action on this guaranty. The undersigned waives notice of acceptance of this guaranty and notice of any default. This shall be a continuing guaranty and shall not be affected by any extension of time, payment, modification or additions. This guaranty shall continue in full force until such time as you shall receive written notice of revocation from me/us; however, such revocation shall not in any way relieve me/us from liability for any indebtedness incurred prior to the actual receipt by you of said notice. Guarantor understand and agrees that this Guaranty cannot be waived, abandoned, terminated, released, or modified in any way except in a writing signed by an authorized agent of the Companies.

THE UNDERSIGNED HAS READ THIS GUARANTY AND UNDERSTANDS THAT THIS GUARANTY IS EFFECTIVE UNTIL TERMINATED IN THE MANNER SET FORTH IN ABOVE. THE UNDERSIGNED ACKNOWLEDGES THAT HE HAS NOT RELIED ON ANY ORAL OR WRITTEN REPRESENTATIONS BY THE COMPANIES IN ENTERING INTO THIS GUARANTY AND THAT GUARANTOR HAS FREELY, WITHOUT COERCION OR DURESS, EXECUTED THIS UNCONDITIONAL GUARANTEE

Date: _10/19/00_     Signature: _Norma O. Teicher_

Witness: _Margaret M. Sadler_     Signature: _____

Signature: _____

(written signatures only - do not include title)