UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MOUNTAIN RIDGE DEVELOPMENT, LLC
THE JARMISON GROUP OF NEW YORK, LLC

Case No.: 07-CIV-11503(KMK)

Plaintiff(s),

-against-

STEVENSON MILLWORK, INC and
STEVENSON LUMBER COMPANY
NEWBURGH, INC

**STIPULATION FOR
EXTENSION OF TIME FOR
DEFENDANT TO RESPOND
TO PLAINTIFFS'
COMPLAINT**

---

STEVENSON MILLWORK, INC., STEVENSON
LUMBER COMPANY-NEWBURGH, INC., on
behalf of themselves and of all persons entitled to
share in the funds received by Mountain Ridge
Development, LLC and The Jarmison Group of
New York, Inc. in connection with a project known
as Highland Manor Townhouses, Newburgh, NY,
and TRUSS-TECH, INC.,

Third-Party
Plaintiffs,

-against-

MOUNTAIN RIDGE DEVELOPMENT, LLC,
JARMISON GROUP OF NEW YORK, LLC, THE
JARMISON GROUP, INC., JARMISON GROUP
OF PA, LLC, TEICHER ORGANIZATION AT
LEHMAN'S POINTE, LLC, TEICHER ORGANI-
ZATION AT PINECREST LAKE, LLC and NORMA
TEICHER, and "JOHN DOE 1" through "JOHN DOE
10", fictitious names, parties intended being liable for
The diversion of trust funds pursuant to Article 3-A of
The Lien Law of the State of New York, in connection
With a project known as the Highland Manor Townhouses,
Newburgh, NY,

Third-Party
Defendants.

---

Counter Claim, Plaintiffs, STEVENSON MILLWORK, INC., STEVENSON LUMBER

COMPANY-NEWBURGH, INC. and TRUSS TECH, INC. by and through it's attorneys of

record and Defendants MOUNTAIN RIDGE DEVELOPMENT, LLC, JARMISON GROUP OF NEW YORK, LLC, THE JARMISON GROUP, INC., JARMISON GROUP OF PA, LLC, TEICHER ORGANIZATION AT LEHMAN'S POINTE, LLC, TEICHER ORGANIZATION AT PINECREST LAKE, LLC and NORMA TEICHER, by and through their attorneys of record, hereby stipulate that the time for Defendants to answer or otherwise plead to Plaintiffs' Complaint shall be extended to and including February 15, 2008.

This requested extension of time is made for good cause and not for purposes of delay.

IT IS SO STIPULATED

Dated: _February 14, 2008_

By: _____

Anthony P. Carlucci Jr., Esq.
Welby, Brady & Greenblatt, LLP
11 Martine Avenue
White Plains, NY 10606

Attorneys for Third-Party
Plaintiffs: STEVENSON MILLWORK, INC.,
STEVENSON LUMBER COMPANY -
NEWBURGH, INC.

Dated: _February 13, 2008_

By: _____

David M. Saltzman, Esq.
Law Office of Stuart I. Teicher, Esq.
758 Highway 18, Suite 103
East Brunswick, NJ 08816

Attorneys for Third-Party
Defendants: MOUNTAIN RIDGE
DEVELOPMENT, LLC, JARMISON
GROUP OF NEW YORK, LLC, THE
JARMISON GROUP, INC., JARMISON
GROUP OF PA, LLC, TEICHER
ORGANIZATION AT LEHMAN'S
POINTE, LLC, TEICHER
ORGANIZATION AT PINECREST LAKE,
LLC and NORMA TEICHER.

IT IS SO ORDERED:

Dated: _____

_____
United States District Judge

# UNITED STATE DISTRICT COURT

_____Southern_____ District of _____New York_____

MOUNTAIN RIDGE DEVELOPMENT, LLC
THE JARMISON GROUP OF NEW YORK, LLC
          Plaintiffs,

    V.

STEVENSON MILLWORK, INC and
STEVENSON LUMBER COMPANY
NEWBURGH, INC
          Defendants,
                      X

STEVENSON MILLWORK, INC., STEVENSON
LUMBER COMPANY-NEWBURGH, INC., on
behalf of themselves and of all persons entitled to
share in the funds received by Mountain Ridge
Development, LLC and The Jarmison Group of
New York, Inc. in connection with a project known
as Highland Manor Townhouses, Newburgh, NY,
and TRUSS-TECH, INC.
          Third-Party Plaintiffs',

    V.

MOUNTAIN RIDGE DEVELOPMENT, LLC,
JARMISON GROUP OF NEW YORK, LLC, THE
JARMISON GROUP, INC., JARMISON GROUP
OF PA, LLC, TEICHER ORGANIZATION AT
LEHMAN'S POINTE, LLC, TEICHER ORGANI-
ZATION AT PINECREST LAKE, LLC and NORMA
TEICHER, and "JOHN DOE 1" through "JOHN DOE
10", fictitious names, parties intended being liable for
The diversion of trust funds pursuant to Article 3-A of
The Lien Law of the State of New York, in connection
With a project known as the Highland Manor Townhouses,
Newburgh, NY,
          Third-Party Defendants.
                      X

## THIRD-PARTY SUMMONS IN A DEFENDANTS' ANSWER

Case No.: 07-CV-11503(KMK)

**TO:** **Names and addresses of counterclaim third-party plaintiffs are attached.**

## YOU ARE HEREBY SUMMONED and required to serve on

PLAINTIFF'S ATTORNEY (name and address)

    DAVID M. SALTZMAN, ESQ.
    758 State Highway 18
    Suite 103
    East Brunswick, NJ 08816

| |
|---|
| TRIPODIANOS .THOMAS S |
| Welby, Brady & Greenblatt, LLP |
| 11 Martine Avenue |
| Penthouse |
| White Plains ,New York 10606 |

An answer to the third-party complaint which is served on you with this summons, within ____30____ days after the service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default may be taken against you for the relief demanded in the third-party complaint. There is also served on you with this summons a copy of the complaint of the plaintiff. You have the option of answering or not answering the plaintiff's complaint, *unless* (1) this is a case within Rule 9(h) Federal Rules of Civil Procedure, *and* (2) the third-party plaintiff is demanding judgment against you in favor of the original plaintiff under the circumstances described in Rule 14(c) Federal Rules of Civil Procedure, in which situation you are required to make your defenses, if any, to the claim of plaintiff as well as to the claim of the third-party plaintiff. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____    _____
CLERK                                   DATE

_____
(By) DEPUTY CLERK

AO 441 (Rev. 8/01) Third Party Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the Summons and complaint was made by me[1] | DATE | |
| NAME OF SERVER | TITLE | |

| Check one box below to indicate appropriate method of service |
|---|

☐ Served personally upon the third-party defendant.  Place where served:

☐ Left copies thereof at the third-party defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL  $0.00 |

| DECLARATION OF SERVER |
|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____          _____
                    Date                              Signature of Server


                                                 _____
                                                 Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____ X

MOUNTAIN RIDGE DEVELOPMENT, LLC
THE JARMISON GROUP OF NEW YORK, LLC

                                                                            Case No.: 07-CV-11503(KMK)

                              Plaintiffs,

        -against-                                                            **THIRD-PARTY**
                                                                            **DEFENDANTS' ANSWER**
STEVENSON MILLWORK, INC and                                                 **COUNTERCLAIM AND**
STEVENSON LUMBER COMPANY                                                    **AFFIRMATIVE DEFENSES**
NEWBURGH, INC

                              Defendants,
_____ X

STEVENSON MILLWORK, INC., STEVENSON
LUMBER COMPANY-NEWBURGH, INC., on
behalf of themselves and of all persons entitled to
share in the funds received by Mountain Ridge
Development, LLC and The Jarmison Group of
New York, Inc. in connection with a project known
as Highland Manor Townhouses, Newburgh, NY,
and TRUSS-TECH, INC.,

                      Third-Party
                      Plaintiffs',

        -against-

MOUNTAIN RIDGE DEVELOPMENT, LLC,
JARMISON GROUP OF NEW YORK, LLC, THE
JARMISON GROUP, INC., JARMISON GROUP
OF PA, LLC, TEICHER ORGANIZATION AT
LEHMAN'S POINTE, LLC, TEICHER ORGANI-
ZATION AT PINECREST LAKE, LLC and NORMA
TEICHER, and "JOHN DOE 1" through "JOHN DOE
10", fictitious names, parties intended being liable for
The diversion of trust funds pursuant to Article 3-A of
The Lien Law of the State of New York, in connection
With a project known as the Highland Manor Townhouses,
Newburgh, NY,

                      Third-Party
                      Defendants.
_____ X

Third-Party, Defendants, MOUNTAIN RIDGE DEVELOPMENT, LLC, JARMISON

GROUP OF NEW YORK, LLC, JARMISON GROUP, INC., JARMISON GROUP OF PA,

LLC, TEICHER ORGANIZATION AT LEHMAN'S POINTE, LLC, TEICHER

ORGANIZATION AT PINECREST LAKE, LLC and NORMA TEICHER (together "Third-

Party Defendants") by their attorneys, David M. Saltzman of the Law Office of Stuart I. Teicher

responds to Third-Party Plaintiffs' Complaint as follows:

## INTRODUCTION

1.  Third-Party Defendants deny the amounts claimed due by the Third-Party Plaintiffs' in

Paragraph 1 of the Complaint.

2.  Third-Party Defendants deny the allegations contained in Paragraph 2 of the Third-Party

Plaintiffs'' Complaint.

## PARTIES

3.  Third-Party Defendants deny knowledge or information sufficient to respond to the

allegations contained in Paragraphs 3-5 of the Third-Party Plaintiffs' Complaint and leaves

Third-Party Plaintiffs' to their proofs.

4.  Third-Party Defendants admit the allegations contained in Paragraphs 6 through 13 of the

Third-Party Plaintiffs' Complaint.

5.  Third-Party Defendants admit the allegations contained in Paragraph 14 of the Third-

Party Plaintiffs' Complaint.

6.  Third-Party Defendants deny the allegations contained in Paragraph 15 of the Third-Party

Plaintiffs' Complaint.

7.  Third-Party Defendants admit the allegations contained in Paragraph 16 of the Third-

Party Plaintiffs' Complaint.

8.  Third-Party Defendants deny the allegations contained in Paragraphs 17-20 of the Third-

Party Plaintiffs' Complaint.

9. Third-Party Defendants admit the allegations contained in Paragraphs 21 and 22 of the Third-Party Plaintiffs' Complaint.

10. Third-Party Defendants deny knowledge or information sufficient to respond to the allegations contained in Paragraph 23 of Third-Party Plaintiffs' Complaint.

11. Third-Party Defendants deny the allegations contained in Paragraphs 25-38 of the Third Party Plaintiffs' Complaint.

## COUNT ONE

12. Third-Party Defendants repeat and reallege all of its responses to the Third-Party Plaintiffs' allegations as if fully set forth at length herein.

13. Third-Party Defendants deny the allegations contained in Paragraphs 40 through 43 of the Third-Party Plaintiffs' Complaint.

## COUNT TWO

14. Third-Party Defendants repeat and reallege all of its responses to the Third-Party Plaintiffs' allegations as if fully set forth at length herein.

15. Third-Party Defendants deny the allegations contained in Paragraphs 45-48 of the Third-Party Plaintiffs' Complaint.

## COUNT THREE

16. Third-Party Defendants repeat and reallege all of its responses to the Third-Party Plaintiffs' allegations as if fully set forth at length herein.

17. Third-Party Defendants deny the allegations contained in Paragraphs 50-53 of the Third-Party Plaintiffs' Complaint.

## COUNT FOUR

18. Third-Party Defendants repeat and reallege all of its responses to the Third-Party Plaintiffs' allegations as if fully set forth at length herein.

19. Third-Party Defendants deny the allegations contained in Paragraphs 55-58 of the Third-

Party Plaintiffs' Complaint.

## COUNT FIVE

20. Third-Party Defendants repeat and reallege all of its responses to the Third-Party Plaintiffs' allegations as if fully set forth at length herein.

21. Third-Party Defendants deny the allegations contained in Paragraphs 60-63 of the Third-Party Plaintiffs' Complaint.

## COUNT SIX

22. Third-Party Defendants repeat and reallege all of its responses to the Third-Party Plaintiffs' allegations as if fully set forth at length herein.

23. Third-Party Defendants deny the allegations contained in Paragraphs 65-68 of the Third-Party Plaintiffs' Complaint.

## COUNT SEVEN

24. Third-Party Defendants repeat and reallege all of its responses to the Third-Party Plaintiffs' allegations as if fully set forth at length herein.

25. Third-Party Defendants deny the allegations contained in Paragraphs 70-83 of the Third-Party Plaintiffs' Complaint.

## COUNT EIGHT

26. Third-Party Defendants repeat and reallege all of its responses to the Third-Party Plaintiffs' allegations as if fully set forth at length herein.

27. Third-Party Defendants deny the allegations contained in Paragraphs 85-88 of the Third-Party Plaintiffs' Complaint.

## COUNT NINE

28. Third-Party Defendants repeat and reallege all of its responses to the Third-Party Plaintiffs' allegations as if fully set forth at length herein.

29. Third-Party Defendants deny the allegations contained in Paragraphs 90-93 of the Third-

Party Plaintiffs' Complaint.

## COUNT TEN

30. Third-Party Defendants repeat and reallege all of its responses to the Third-Party Plaintiffs' allegations as if fully set forth at length herein.

31. Third-Party Defendants deny the allegations contained in Paragraphs 95-98 of the Third-Party Plaintiffs' Complaint.

## COUNT ELEVEN

32. Third-Party Defendants repeat and reallege all of its responses to the Third-Party Plaintiffs' allegations as if fully set forth at length herein.

33. Third-Party Defendants deny the allegations contained in Paragraphs 100-103 of the Third-Party Plaintiffs' Complaint.

## COUNT TWELVE

34. Third-Party Defendants repeat and reallege all of its responses to the Third-Party Plaintiffs' allegations as if fully set forth at length herein.

35. Third-Party Defendants deny the allegations contained in Paragraphs 105-108 of the Third-Party Plaintiffs' Complaint.

## COUNT THIRTEEN

36. Third-Party Defendants repeat and reallege all of its responses to the Third-Party Plaintiffs' allegations as if fully set forth at length herein.

37. Third-Party Defendants deny the allegations contained in Paragraphs 110-113 of the Third-Party Plaintiffs' Complaint.

## COUNT FOURTEEN

38. Third-Party Defendants repeat and reallege all of its responses to the Third-Party Plaintiffs' allegations as if fully set forth at length herein.

39. Third-Party Defendants deny the allegations contained in Paragraphs 115-118 of the

Third-Party Plaintiffs' Complaint.

## COUNT FIFTEEN

40. Third-Party Defendants repeat and reallege all of its responses to the Third-Party Plaintiffs' allegations as if fully set forth at length herein.

41. Third-Party Defendants deny the allegations contained in Paragraphs 120-124 of the Third-Party Plaintiffs' Complaint.

## JURY DEMAND

42. Third-Party Defendants repeat and reallege all of its responses to the Third-Party Plaintiffs' allegations as if fully set forth at length herein.

WHEREFORE, Mountain Ridge Development, LLC, Jarmison Group of New York, LLC, Jarmison Group, Inc., Jarmison group of PA, LLC, Teicher Organization at Lehman's Pointe, LLC, Teicher Organization at Pinecrest Lake, LLC and Norma Teicher respectfully demand the dismissal of all of the counts of Third-Party Plaintiffs' Complaint.

## THIRD-PARTY DEFENDANTS COUNTERCLAIMS

Plaintiffs, MOUNTAIN RIDGE DEVELOPMENT, LLC, JARMISON GROUP OF NEW YORK, LLC, JARMISON GROUP, INC. and JARMISON GROUP OF PA, LLC, TEICHER ORGANIZATION AT LEHMAN'S POINT, LLC, TEICHER ORGANIZATION AT PINECREST LAKE, LLC AND NORMA O. TEICHER by and through its Attorney, David M. Saltzman, Esq. upon its complaint against Defendants alleges the following:

## PARTIES

1. At all times hereinafter mentioned, Mountain Ridge Development, LLC

(hereinafter "Mountain Ridge") was and is a domestic Limited Liability Company duly formed and organized under the laws of the State of New York, with a principal place of business at 758 State Highway 18, Suite 103, East Brunswick, NJ 08816.

2.  At all times hereinafter mentioned, Jarmison Group of New York, LLC (hereinafter "Jarmison") was and is a domestic Limited Liability Company duly formed and organized under the laws of the State of New York, with a principal place of business at 758 State Highway 18, Suite 103, East Brunswick, NJ 08816.

3.  At all times hereinafter mentioned, Jarmison Group, Inc. (hereinafter "Jarmison") was and is a New Jersey Corporation duly formed and organized under the laws of the State of New Jersey, with a principal place of business at 758 State Highway 18, Suite 103, East Brunswick, NJ 08816.

4.  At all times hereinafter mentioned, Jarmison Group of PA, LLC (hereinafter "Jarmison") was and is a Pennsylvania Limited Liability Company duly formed and organized under the laws of the State of Pennsylvania, with a principal place of business at 758 State Highway 18, Suite 103, East Brunswick, NJ 08816.

5.  At all times hereinafter mentioned, Teicher Organization at Lehman's Pointe, LLC (hereinafter "Jarmison") was and is a Pennsylvania Limited Liability Company duly formed and organized under the laws of the State of Pennsylvania, with a principal place of business at 758 State Highway 18, Suite 103, East Brunswick, NJ 08816.

6.  At all times hereinafter mentioned, Teicher Organization at Pinecrest Lake, LLC (hereinafter "Jarmison") was and is a Pennsylvania Limited Liability Company duly formed and organized under the laws of the State of Pennsylvania, with a principal place of business at 758 State Highway 18, Suite 103, East Brunswick, NJ 08816.

7. At all times hereinafter mentioned, Plaintiff Norma O. Teicher (hereinafter "Jarmison") was and is a New Jersey resident with an address of 758 State Highway 18, Suite 103, East Brunswick, NJ 08816.

8. Upon information and belief, Stevenson Millwork, Inc., (hereinafter "Stevenson") is a validly existing domestic corporation duly formed and organized under the laws of the State of Connecticut, with a principal place of business located at 1585 Monroe Turnpike, Stevenson, CT 06491.

9. Upon information and belief, Stevenson Lumber Company-Newburgh, Inc. (hereinafter "Stevenson-Newburgh") is a validly existing domestic corporation duly formed and organized under the laws of the State of Connecticut, with a principal place of business located at 1585 Monroe Turnpike, Stevenson, CT 06491.

10. Upon information and belief, Truss-Tech, Inc. (hereinafter "Truss-Tech") is a validly existing domestic corporation duly formed and organized under the laws of the State of Connecticut, with a principal place of business located at 1585 Monroe Turnpike, Stevenson, CT 06491.

## FACTS

11. Mountain Ridge Development, LLC is the Land owner of a certain tract of land located in Newburgh, New York. This property is currently in the process of being developed by the erection of 28 condominium units which consist of five (5) buildings numbered 10, 11, 12, 13 and 14. The name of the development is the "Highland Manor Townhomes" (hereafter the "Site"). At this time, buildings 10 and 11 are in the earliest stages of construction.

12. Jarmison Group of New York, LLC is a General Contractor currently under contract to build the 28 unit condominium community on the tract of land owned by Mountain Ridge Development, LLC located in Newburgh, NY, known as "Highland Manor Townhomes" (hereinafter the "Site") which is owned by Mountain Ridge Development, LLC.

G:\MSOffice_data\DavidS\Stevenson Liens\Third Party Defendants Answer.docx

13. Jarmison and The Stevenson entities and Truss-Tech entered into various Purchase Order Agreements for Stevenson to provide building materials to the Site.

14. Jarmison requested materials via a purchase order methodology by which each unit/or home at the location issued a purchase order for materials to be used at the site.

15. Payment for the work under the Purchase Order Agreements was to be paid in regular intervals following the delivery of building materials to the site.

16. The Stevenson entities and Truss-Tech commenced deliveries at the Site starting on or about May 2007 and delivered materials to buildings 12, 13, and 14 which were the first buildings to be constructed.

17. The site was and is the final phase of a multi phase development. At the time The Stevenson entities and Truss-Tech commenced delivery of materials to the site. Buildings 10 and 11 had not begun. Buildings 10 and 11 have currently stopped Construction, but have not yet reached the stage where any of the materials provided by any of the Stevenson entities and Truss-Tech have been used.

18. Due to current market conditions in the real estate industry, which have caused sales to slow, Plaintiff Jarmison became unable to make payments to the Stevenson entities and Truss-Tech for the materials provided.

19. Thereafter; due to Jarmison's inability to make payments, Stevenson entities and Truss-Tech filed three (3) Mechanic's Liens, all dated November 5, 2007, for the Buildings and lots included in the attached Schedule A which was taken from the lien filings.

20. Stevenson entities and Truss-Tech only provided materials to building 12, 13 and 14 of the site.

21. The Mechanic's liens were filed against the entire project, which includes units which were previously conveyed to good faith purchasers, which closings occurred in September and October of 2007, prior to the lien filings.

22. The Mechanic's Liens were filed against all of the buildings and units which included previously sold units for which it was not entitled to lien.

23. Counsel for the Defendants were notified that their liens were exaggerated, over expansive and included buildings and units for which it did not have the right to via correspondence dated November 9, 2007 and November 28, 2007.

24. Counsel for the Stevenson entities either ignored the written request or failed to act and voluntarily vacate the Mechanic's Liens placed on the land owned by Mountain Ridge Development, LLC and currently under construction and development by Jarmison Group of New York, LLC.

## COUNT ONE

25. Third-party Plaintiffs had an existing commercial relationship where defendants provided lumber and construction materials to plaintiffs.

26. Late in 2007, Plaintiff Mountain Ridge Development, LLC became unable to make payments on materials provided to the Site.

27. Defendants filed three (3) a Mechanic's Liens against the Land and by the Plaintiff Mountain Ridge on land which it owns in Newburgh, NY, which are included in Schedule A, which is attached hereto.

28. Said liens were exaggerated and covered additional land namely Buildings "10" and "11" for which no materials were provided by the Stevenson entities and Truss-Tech.

29. Defendants were notified about the over exaggerated liens by letters dated November 19, 2007 and November 27, 2007 which demanded the immediate removal of the liens.

30. The Stevenson entities and Truss Tech failed and continues to fail to voluntarily vacate the Mechanic's Liens to the detriment of Mountain Ridge Development, LLC. in violation of Sections 3, 4, 9, and 39(a) of the New York lien law.

WHEREFORE, Counterclaim Third-Party Defendants demands Judgment as follows:

G:\MSOffice_data\DavidS\Stevenson Liens\Third Party Defendants Answer.docx

1.  Judgment against the Stevenson Millwork, LLC and Stevenson Lumber Company Newburgh, Inc. and Truss-Tech;

2.  Immediate and permanent Discharge of the Mechanic's Liens filed by Defendant's Stevenson Millwork, LLC and Stevenson Lumber Company-Newburgh, Inc. v. Mountain Ridge Development, LLC and Jarmison Group of New York, LLC against the real property listed in the attached Schedule A;

3.  Compensatory Damages in an amount to be determined by the Court but not less than $150,000.00 along with costs disbursements, reasonable attorneys fees and interests;

4.  Punitive Damages of $250,000.00;

5.  Sanctions against both the defendants and its counsel for the improper lien filings and;

6.  Any further relief that this Court deems just and proper.

## COUNT TWO

31. Counterclaim Third-Party Defendants repeat the allegations contained in paragraphs 1-30 as if set forth at length herein.

32. Defendant's Stevenson Millwork, Inc., and Stevenson Lumber Company-Newburgh, Inc., And Truss-Tech, Inc.filed three (3) Mechanic's Liens against property owned by Mountain Ridge Development, LLC and being constructed by Jarmison Group of New York,LLC against the contracted interest of Jarmison Group of NY dated November 5, 2007, filed on November 7, 2007.

33. The liens fail to meet the requirements established in Section 9 of the New York Lien Law. In that it failed to list New York business address of the land owner and general contractor.

34. Due to the deficiency in the lien filing, the Mechanic's Liens should be immediately

vacated due to its failure to meet the statutory requirements of Section 9 of the New York Lien Law.

WHEREFORE, Counterclaim Third-Party Defendants demand Judgment as follows:

1. Judgment against the Stevenson Millwork, LLC and Stevenson Lumber Company-Newburgh, Inc. and Truss-Tech;

2. Immediate and permanent Discharge of the Mechanic's Liens filed by Stevenson Millwork, LLC and Stevenson Lumber Company-Newburgh, Inc. and Truss-Tech, Inc. v. Mountain Ridge Development, LLC and Jarmison Group of New York, LLC, Jarmison Group, Inc., Jarmison Group of PA, LLC, Teicher Organization at Lehman's Pointe, LLC, Teicher Organization at Pinecrest Lake, LLC and Norma O. Teicher against the real property listed on the attached Schedule A.

Date:  Newburgh, New York
       November 29, 2007

                                        Yours truly,

                                        DAVID M. SALTZMAN, ESQ.
                                        Associate Counsel,
                                        Jarmison Group of New York, LLC

                                        By: _____
                                            David M. Saltzman, Esq.
                                            Attorney for Third-Party Defendants
                                            Mountain Ridge Development, LLC
                                            Jarmison Group of New York, LLC
                                            Jarmison Group, Inc.
                                            Jarmison Group of PA, LLC,
                                            Teicher Organization at Lehman's Pointe, LLC
                                            Teicher Organization at Pinecrest Lake, LLC
                                            Norma O. Teicher
                                            758 State Highway 18
                                            Suite 103
                                            East Brunswick, NJ 08816
                                            (732)698-2666

## Schedule "A"
Highland Manor Townhouses at Meadow Winds Condominium Site Map 471-07
Municipality of Newburgh, County of Orange

| Tax Map ID | Owner | Unit | Street Name |
|---|---|---|---|
| 123-1-1.-1 | Mountain Ridge Development LLC | 10-1 | Orleans Road |
| 123-1-1.-2 | Mountain Ridge Development LLC | 10-2 | Orleans Road |
| 123-1-1.-3 | Mountain Ridge Development LLC | 10-3 | Orleans Road |
| 123-1-1.-4 | Mountain Ridge Development LLC | 10-4 | Orleans Road |
| 123-1-1.-5 | Mountain Ridge Development LLC | 10-5 | Orleans Road |
| 123-1-1.-6 | Mountain Ridge Development LLC | 10-6 | Orleans Road |
| 123-1-1.-7 | Mountain Ridge Development LLC | 11-1 | Orleans Road |
| 123-1-1.-8 | Mountain Ridge Development LLC | 11-2 | Orleans Road |
| 123-1-1.-9 | Mountain Ridge Development LLC | 11-3 | Orleans Road |
| 123-1-1.-10 | Mountain Ridge Development LLC | 11-4 | Orleans Road |
| 123-1-1.-11 | Mountain Ridge Development LLC | 12-1 | Orleans Road |
| 123-1-1.-12 | Mountain Ridge Development LLC | 12-2 | Orleans Road |
| 123-1-1.-13 | Mountain Ridge Development LLC | 12-3 | Orleans Road |
| 123-1-1.-14 | Mountain Ridge Development LLC | 12-4 | Orleans Road |
| 123-1-1.-15 | Mountain Ridge Development LLC | 12-5 | Orleans Road |
| 123-1-1.-16 | Mountain Ridge Development LLC | 12-6 | Orleans Road |
| 123-1-1.-19 | Mountain Ridge Development LLC | 13-3 | Orleans Road |
| 123-1-1.-20 | Mountain Ridge Development LLC | 13-4 | Orleans Road |
| 123-1-1.-21 | Mountain Ridge Development LLC | 13-5 | Orleans Road |
| 123-1-1.-23 | Mountain Ridge Development LLC | 14-1 | Orleans Road |
| 123-1-1.-24 | Mountain Ridge Development LLC | 14-2 | Orleans Road |
| 123-1-1.-25 | Mountain Ridge Development LLC | 14-3 | Orleans Road |
| 123-1-1.-26 | Mountain Ridge Development LLC | 14-4 | Orleans Road |
| 123-1-1.-27 | Mountain Ridge Development LLC | 14-5 | Orleans Road |
| 123-1-1.-28 | Mountain Ridge Development LLC | 14-6 | Orleans Road |