UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MOUNTAIN RIDGE DEVELOPMENT, LLC, and
THE JARMISON GROUP OF NEW YORK, LLC

                              Plaintiffs,

        -against-

STEVENSON MILLWORK, INC. and STEVENSON
LUMBER COMPANY-NEWBURGH, INC.,

                              Defendant.

------------------------------------------------------------------X

Case No.: 07-cv-11503(KMK)

STEVENSON MILLWORK, INC., STEVENSON
LUMBER COMPANY-NEWBURGH, INC., on behalf of
themselves and of all persons entitled to share in the funds
received by Mountain Ridge Development, LLC and The
Jarmison Group of New York, Inc. in connection with a
project known as the Highland Manor Townhouses,
Newburgh, NY, and TRUSS-TECH, INC.,

                         Third-Party
                         Plaintiffs,

        -against-

MOUNTAIN RIDGE DEVELOPMENT, LLC,
JARMISON GROUP OF NEW YORK, LLC, THE
JARMISON GROUP, INC., JARMISON GROUP OF
PA, LLC, TEICHER ORGANIZATION AT LEHMAN'S
POINTE, LLC, TEICHER ORGANIZATION AT
PINECREST LAKE, LLC, and NORMA TEICHER, and
"JOHN DOE 1" through "JOHN DOE 10", fictitious
names, parties intended being liable for the diversion of
trust funds pursuant to Article 3-A of the Lien Law of the
State of New York, in connection with a project known as
the Highland Manor Townhouses, Newburgh, NY,

                         Third- Party
                         Defendants.

------------------------------------------------------------------X

**REPLY TO THIRD-PARTY
DEFENDANTS'
<u>COUNTERCLAIMS</u>**

Third-party plaintiffs, Stevenson Millwork, Inc., Truss-Tech, Inc. and Stevenson Lumber Company-Newburgh, Inc. (together, "Stevenson"), by their attorneys, Welby, Brady & Greenblatt, LLP, as and their Reply to the Third-Party Defendants' Counterclaims state as follows:

1.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "1" of the counterclaims.

2.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "2" of the counterclaims.

3.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "3" of the counterclaims.

4.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "4" of the counterclaims.

5.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "5" of the counterclaims.

6.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "6" of the counterclaims.

7.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "7" of the counterclaims.

8.      Denies the allegations contained in paragraph "8" of the counterclaims except to admit that Stevenson Millwork, Inc. maintains an office at 1585 Monroe Turnpike, Stevenson, Connecticut  06491.

9.      Denies the allegations contained in paragraph "9" of the counterclaims except to admit that Stevenson Lumber Company-Newburgh, Inc. maintains a principal place of business at 1585 Monroe Turnpike, Stevenson, Connecticut  06491.

10.     Denies the allegations contained in paragraph "10" of the counterclaims except to admit that Truss-Tech, Inc. maintains a principal place of business at 1585 Monroe Turnpike, Stevenson, Connecticut  06491.

11.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "11" of the counterclaims.

12.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "12" of the counterclaims.

13.     Denies the allegations contained in paragraph "13" of the counterclaims, except to admit the existence of a contractual relationship between the parties and to beg leave of the court to determine the true terms and conditions thereof at the trial of this action.

14.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "14" of the counterclaims.

15.     Denies the allegations contained in paragraph "15" of the counterclaims, except to admit that Stevenson expected prompt payment for the materials supplied.

16.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "16" of the counterclaims, except to state that Stevenson did furnish materials to the project beginning on or about the dates alleged.

17.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "17" of the counterclaims.

18.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "18" of the counterclaims, but admits that the third-party defendants have not made payments to Stevenson for the materials provided.

19.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "19" of the counterclaims, except to admit that Stevenson filed mechanics liens against property owned by Mountain Ridge Development, LLC.

20.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "20" of the counterclaims.

21.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "21" of the counterclaims, except to admit that mechanic's liens were filed against property owned by Mountain Ridge based on a title search performed by Stevenson, which liens were strictly limited to property owned by Mountain Ridge at the time.

22.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "22" of the counterclaims.

23.     Denies the allegations contained in paragraph "23" of the counterclaims, except to admit that correspondence was exchanged between the parties on or about the dates alleged, and begs leave of court to refer to the actual correspondence referred to.

24.     Denies the allegations contained in paragraph "24" of the counterclaims.

25.     Denies the allegations contained in paragraph "25" of the counterclaims, except to admit that a relationship exists between the parties.

26.     Admits the allegations contained in paragraph "26" of the counterclaims.

27.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "27" of the counterclaims, except to admit that Stevenson filed mechanics liens against property owned by Mountain Ridge Development, LLC.

28.     Denies the allegations contained in paragraph "28" of the counterclaims.

29.     Denies the allegations contained in paragraph "29" of the counterclaims.

30.     Denies the allegations contained in paragraph "30" of the counterclaims.

31.     The paragraph entitled "WHEREFORE" appears to be an *ad damnum* clause to which no response is necessary; to the extent a response is deemed necessary, the allegations contained therein are denied.

32.    As a response to paragraph "31" of the counterclaims, repeat and re-allege all of the admissions, denials, averments, objections and reservations set forth in this reply in response to the paragraphs of the counterclaims incorporated by reference.

33.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "32" of the counterclaims, except to admit that Stevenson filed mechanics liens against property owned by Mountain Ridge Development, LLC.

34.    Denies the allegations contained in paragraph "33" of the counterclaims.

35.    Denies the allegations contained in paragraph "34" of the counterclaims.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

36.    The plaintiffs fail to state a cause of action upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

37.    The complaint contains insufficient information to permit the defendants to raise all appropriate defenses, and the defendants therefore reserve their right to amend and/or supplement this answer with additional separate defenses.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

38.    Since portions of the mechanic's liens pertaining to units sold prior to the filing of the liens have been released, the complaint is moot to the extent thereof.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

39.    There is no obligation to apportion the mechanic's liens.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

40.    The mechanic's liens are proper as to the unsold parcels.

**WHEREFORE,** third-party plaintiffs demand judgment dismissing the third-party counterclaims and in favor of the third-party plaintiffs in accordance with the relief demanded in the third-party complaint, along with such other and further relief as to this Court may seem just and proper.

- 5 -

Dated: White Plains, New York
      March 6, 2008

                    WELBY, BRADY & GREENBLATT, LLP

                  By:_____/s_____
                      Thomas S. Tripodianos (TST0048)
                      Attorneys for Defendants
                      Stevenson Millwork, Inc.
                      Stevenson Lumber Company-Newburgh, Inc.
                      11 Martine Avenue
                      White Plains, New York 10606
                      (914) 428-2100